ALLEN v. LUKE et al.

(Circuit Court, D. Massachusetts. July 27, 1908.)

No. 194 (Old No. 2,135).

1. BANKS AND BANKING—LIABILITY OF DIRECTORS OF NATIONAL BANK—SUIT ON BEHALF OF STOCKHOLDERS.

A loss resulting to a national bank from bad loans, which were not repaid, cannot be said to have been caused by a violation of law by the directors in failing to keep on hand the legal reserve required by Rev. St. § 5191 (U. S. Comp. St. 1901, p. 3486).

[Ed. Note.—Personal liability of directors of banks, see notes to Robinson v. Hall, 12 C. C. A. 680; Warner v. Penoyer, 33 C. C. A. 230.]

2. SAME—PLEADING—SUFFICIENCY OF BILL.

A bill on behalf of the stockholders of a national bank to charge the directors with liability for losses alleged to have been due to their negligence or misconduct *held* to set out the details of the several transactions relied on with sufficient fullness.

3. SAME.

In such a bill, charging the making of illegal loans by defendants as directors, it is not necessary to allege a formal vote of defendants authorizing or approving such loans.

4. SAME—COMMON-LAW LIABILITY OF DIRECTORS.

The provisions of the national banking act defining the duties of the directors of such banks do not relieve them from their common-law liability for a failure to diligently and honestly discharge their trust.

5. ABATEMENT AND REVIVAL—DEATH OF PARTY—SURVIVAL OF CAUSE OF ACTION —JOINDER OF DEFENDANTS.

A cause of action against a director of a national bank to recover for money lost to the bank through his negligence or misconduct survives against his executors, and they may be joined as defendants with the surviving directors in an action thereon.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abatement and Revival, §§ 322–329.]

In Equity. On demurrer to amended bill.

Warner, Warner, & Stackpole, for plaintiff.

Chas. T. Gallagher and Horace G. Allen, for defendant Charles H. Allen.

Gaston, Snow & Saltonstall and Tower, Talbot, Hiler & Pillsbury, for defendants Weeks and others.

Herbert L. Harding, for defendant Richardson.

Hurlburt, Jones & Cabot, for defendant Loring.

Ropes, Gray & Gorham, for defendants Luke and others.

Richard D. Ware, for defendant Mason.

LOWELL, Circuit Judge. The receiver of a national bank brought a bill in equity against certain of its former directors to recover money lost to the bank through their alleged misconduct. The defendants demurred to the bill, and the demurrers were sustained. 141 Fed. 694. The complainant thereafter amended his bill. The creditors of the bank have been paid in full, and the stockholders' agent has been admitted to these proceedings as party complainant, instead of the receiver. The amended bill alleges that the defendants are liable: A. For violations of the banking act: (1) In respect of unpaid

loans made while the bank's reserve was too low (Rev. St. § 5191 [U. S. Comp. St. 1901, p. 3486]); (2) in respect of unpaid loans made in excess of the 10 per cent. limit (section 5200); and (3) in respect of unpaid loans made upon real estate (section 5137). The prayer for a return of dividends illegally paid, which was made by the receiver in the original bill, is now dropped by the new complainant, the stockholders' agent.

The bill further alleges that the defendants are liable:

B. For breach of their duties as directors at common law and in equity: (1) In respect of unpaid loans made negligently; (2) in respect of unpaid loans made by dishonest or incompetent agents put in office by the defendants; and (3) in respect of unpaid loans made after the liquidation of the bank had been improperly prevented by the defendants' misconduct in continuing a losing business.

The defendants have severally demurred to the amended bill. Their demurrers are alike in some respects, and in some respects are different. Including necessary repetitions, the grounds of demurrer alleged are inevitably numerous. They may be classified as follows:

First. That the bill is multifarious, by reason of the improper joinder of parties and of causes of action. This contention was decided against the defendants in the opinion already rendered.

Second. That the causal connection between the defendants' alleged violation of the banking act and the losses sustained by the bank is not made to appear sufficiently. In this respect, the allegations appear to be sufficient, except as to A (1) the unpaid loans charged to have been made while the reserve was too low. The object of Rev. St. § 5191 is to insure the constant presence of a cash reserve. If this were depleted below the statutory limit, the bank might suffer loss for want of cash on hand, and for such a loss, if one occurred, the defendants might be liable, although the loans made while the reserve was below the limit were paid at maturity. This provision of the statute was not intended to protect the bank against bad loans, and a loss arising from their nonpayment cannot fairly be said to be caused by the directors' violation of law. Moreover, the bill here goes on to allege that the statutory reserve was replenished after the bad loans were made, and before the bank went into the receiver's hands. In this respect the demurrers are sustained.

Third. That the bill and the accompanying schedules fail to distinguish between new loans and renewals. Except in section 5191, the statute makes no distinction between new loans and renewals, and the defendants have already been exonerated from liability under section 5191.

Fourth. That the words used in the bill to describe the alleged action of the defendants, viz., "participate," "approve," "permit," and the like, are not sufficiently explicit; that they do not sufficiently describe the physical acts alleged to have been committed by the defendants and upon which the complainant relies. In this respect the court held the earlier bill demurrable, but upon careful examination of the bill as amended its language appears to be as concrete, explicit, and descriptive as is reasonably possible. There are superfluities in the bill. Thus, on page 41, the bill alleges that the Mason & Ham-

lin Company "was insolvent at least as early as May 1, 1900, as the defendant directors and the deceased director represented well knew; that an examination of the affairs of the said company at any time after the said May 1, 1900, would have disclosed such insolvent condition." What is the purpose of the latter allegation is not obvious. If the defendants had knowledge of the company's insolvency, it is superfluous to allege their opportunity of obtaining krowledge; but the latter allegation is not in the alternative, nor does it qualify the former, as the defendants suggest, and so it may be disregarded. Again, the defendants are in error when they say that the bill must allege their vote to make the loans in question. The act of voting may be conclusive evidence of a violation of the statute, but it is not the only possible evidence. If defendants, sitting about the directors' table, informally agree that the bank's money shall be loaned illegally, they are none the less liable for the consequences of the loan because they do not respond viva voce when the presiding officer puts the question to vote. To hold otherwise would make the law prohibit a formality while permitting the illegal employment of the bank's money. It is to be borne in mind that the bill is not called upon to state evidence at length, but only the conclusions of fact which the evidence tends to establish. In the case of Price v. Coleman (C. C.) 21 Fed. 357, I find nothing in conflict with the decision thus reached.

Fifth. As to B, that the statutory liability is exclusive, and that neither at common law nor in equity does any liability rest upon the directors for the results of their negligence. For this proposition, the defendants rely chiefly upon Yates v. Jones Nat. Bank, 206 U. S. 158, 27 Sup. Ct. 638, 51 L. Ed. 1002; but that case is decisive against the defendants. "Mark the contrast between the general common-law duty to 'diligently and honestly administer the affairs of the association' and the distinct emphasis embodied in the promise not to 'knowingly violate, or willingly permit to be violated, any of the provisions of this title.' In other words, as the statute does not relieve the directors from the common-law duty to be honest and diligent, the oath exacted responds to such requirements. But as, on the other hand, the statute imposes certain express duties and makes a knowing violation of such commands the test of civil liability, the oath in this regard also conforms to the requirements of the statute by the promise not to 'knowingly violate, or willingly permit to be violated, any of the provisions of this title.'" 206 U. S. 178, 27 Sup. Ct. 645 (51 L. Ed. 1002).

Sixth. As to A, that the allegations of the defendants' knowledge of and participation in the offenses against the banking act are not as definite as required by the act and by the Yates Case. This contention is answered by the opinion expressed under the third heading.

Seventh. That, even if the directors of a national bank may be liable for a breach of the ordinary duties of a director, yet the allegations of the bill charging this breach are not sufficiently specific. This objection also is dealt with under the third heading.

Eighth. As to one defendant who died before the bill was filed; that the action did not survive. The weight of authority is otherwise. Boyd v. Schneider, 131 Fed. 223, 65 C. C. A. 209; Stephens

v. Overstolz (C. C.) 43 Fed. 465; Warren v. Para Rubber Shoe Co., 166 Mass. 97, 44 N. E. 112.

Ninth. That his executors are improperly joined with the other defendants; that an execution cannot issue de bonis testatoris as against one defendant and de bonis propriis as against another. On this point I follow Von Arnim v. Am. Tube Works, 188 Mass. 515, 74 N. E. 680.

Demurrers sustained as to prayer for reimbursement for loss on loans made while the reserve was depleted; otherwise overruled; answers to be filed on or before August 27, 1908.