## WILLIAMS v. BRADY et al.

### (District Court, D. New Jersey. January 16, 1915.)

1. BANKS AND BANKING ⊜⟹253—LIABILITY OF DIRECTORS FOR NEGLIGENCE.
   Directors of national banks must exercise ordinary care and prudence in the administration of the affairs of their institutions, and exercise reasonable supervision, and are not shielded from liability by their want of knowledge or wrongdoing, if their ignorance is the result of gross inattention.
   [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 944–949; Dec. Dig. ⊜⟹253.]

2. BANKS AND BANKING ⊜⟹254—ACTIONS AGAINST DIRECTORS—SUFFICIENCY OF COMPLAINT.
   In an action against directors of a national bank, a complaint alleging that at different times loans were made in excess of one-tenth part of the unimpaired capital and surplus of the bank, that the directors and officers conspired to violate the law by taking accommodation paper executed by persons financially irresponsible, the proceeds of the loans be-

───────────

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing put to the credit of the real borrower and exceeding one-tenth part of the unimpaired capital and surplus, that the directors approved large loans to persons of financial irresponsibility, that they negligently permitted overdrafts by persons financially irresponsible, that they negligently permitted checks to be improperly and illegally certified when the drawers had no funds on deposit, and that dividends were declared when there were no profits or surplus, and that the directors illegally appropriated such dividends, and further alleging the details of the wrongful acts stated, was sufficient as against the directors who attended at the meetings at which the acts in question were done.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 950–957; Dec. Dig. ⬤⟲254.]

3. BANKS AND BANKING ⬤⟲254—ACTIONS AGAINST DIRECTORS—SUFFICIENCY OF COMPLAINT.

In an action against the directors of a national bank for damages resulting from their wrongful and illegal acts, an allegation that certain directors were negligent, because of their unreasonable neglect and failure to attend meetings at which the alleged improper, unlawful, and negligent acts were done, was insufficient, where no facts were set forth showing that there was unreasonable neglect and failure, or that they purposely or negligently refrained from attending meetings, as, there being no legal presumption of negligence, one who undertakes to hold the directors responsible should state facts sufficient to put them upon their defense.

|Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 950–957; Dec. Dig. ⬤⟲254.]

4. BANKS AND BANKING ⬤⟲254—ACTIONS AGAINST DIRECTORS—SUFFICIENCY OF COMPLAINT.

In an action against the directors of a national bank, an allegation that they were guilty of negligence, carelessness, and violation of statutes in retaining in office unfit persons as president and vice president, should have been more specific, where it did not appear whether the unfitness and incompetence was based upon the doing of the wrongful acts in which it was alleged in other parts of the complaint the officers participated, or whether the unfitness consisted of dishonesty.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 950–957; Dec. Dig. ⬤⟲254.]

5. BANKS AND BANKING ⬤⟲254—ACTIONS AGAINST DIRECTORS—PREMATURE FILING.

Where a national bank was insolvent and in the hands of a receiver, and had sustained large losses through wrongful, improper, and illegal acts on the part of its directors, a suit against the directors while the affairs of the bank were in liquidation was not prematurely filed.

|Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 950–957; Dec. Dig. ⬤⟲254.]

6. EQUITY ⬤⟲148—BILL—MULTIFARIOUSNESS.

Where, though the alleged wrongful transactions on the part of the directors of an insolvent national bank were many and extended over several years, there were only a few characters of transactions, and the same legal questions would arise as to each group of general transactions, a bill was not multifarious, though all of such transactions were set forth therein.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 341–367; Dec. Dig. ⬤⟲148.]

At Law. Action by Christopher L. Williams, as receiver of the First National Bank of Bayonne, against Bernard Brady and others. On motions to strike, for a bill of particulars, and for a stay of proceed-

ings. Motion to strike granted in part, and motions for bill of particulars and stay of proceedings denied.

Stuart G. Gibboney, of New York City, for complainant.

Robert H. McCarter, of Newark, N. J., for defendants Brown and others.

Robert S. Hudspeth and Elmer W. Demarest, both of Jersey City, N. J., for certain other defendants.

Pierre P. Garven, of Jersey City, N. J., for defendant Eggleston.

HUNT, Circuit Judge. As I understand the complaint, it shows the insolvency of the First National Bank of Bayonne and names the defendants as having been directors and officials at different specified times. It charges that the bank, through its officers and agents, violated certain laws (sections 5147, 5199, 5200, 5204, and 5211, R. S. U. S. [Comp. St. 1913, §§ 9685, 9760, 9761, 9766, 9774]), and that by reason of certain specified acts of the defendants the bank has sustained large losses, the extent of which is to the receiver unknown, but which he prays may be ascertained by a proper accounting, to be made in this action. With great detail the receiver sets up:

(1) That at different times loans were made in excess of one-tenth part of the unimpaired capital and surplus of the bank. Specification of the names of the borrowers and the dates of the loans is made, and the names of the directors who participated actively in the meetings when the loans were made are given.

(2) That the directors and officers conspired to violate the law (section 5200, R. S. U. S.) by means of taking accommodation paper executed by certain persons financially irresponsible, and that the proceeds of the loans so made would be put to the credit of the original borrower, and would exceed one-tenth part of the unimpaired capital and surplus of the bank. Names and dates are set forth and the means are detailed.

(3) That the directors approved of large loans to persons lacking in financial responsibility and financial assets, and that by means thereof there was a depletion of the capital stock and surplus. The names of such borrowers are given, together with the dates of the loans made to them.

(4) That the directors defendants and officers negligently permitted overdrafts by persons financially irresponsible, and that the directors illegally allowed the funds of the bank to be misinvested. The overdrafts are pleaded in name and amount, as are certain alleged misinvestments.

(5) That the directors and officers negligently permitted checks to be drawn upon the bank, and to be improperly and illegally certified against accounts, when the drawers of the checks had no funds on deposit, in violation of section 5208 of the Revised Statutes of the United States (Comp. St. 1913, § 9770); and in detail the dates of such checks, the names of drawers, and the amounts are given.

(6) That dividends, which are set forth in detail, were declared by the directors when there was no net profit or surplus out of which

such dividends could have been lawfully declared, and that defendants illegally appropriated such dividends.

(7) That defendants failed to exercise ordinary care in ascertaining as to the fitness of the individuals who were the president and vice president, respectively, of the bank.

(8) That four of the defendants, who are named, directly failed honestly and diligently to administer the affairs of the bank.

The pleader has set forth the names of three directors who have died. It is shown that the stockholders have been assessed under the law and that the assets are being sold in the liquidation of the affairs of the bank. Throughout the complaint, and following each specific averment of negligence or illegality by certain named directors, it is alleged that certain others, directors, were negligent because of their unreasonable neglect and failure to attend the meetings at which the alleged improper and unlawful and negligent acts were done.

[1] Accepting the rule enunciated by the Supreme Court in Briggs v. Spaulding, 141 U. S. 132, 11 Sup. Ct. 924, 35 L. Ed. 662, Yates v. Jones National Bank, 206 U. S. 158, 27 Sup. Ct. 638, 51 L. Ed. 1002, and Thomas v. Taylor, 224 U. S. 73, 32 Sup. Ct. 403, 56 L. Ed. 673, it is enough to say for the purposes of the present motion that directors of national banks must exercise ordinary care and prudence in the administration of the affairs of their institutions. They are required, however, to do more than be mere figureheads, and may reasonably be expected to exercise reasonable supervision, and they are not to be permitted to be shielded from liability because of want of knowledge or wrongdoing, if that ignorance is the result of gross inattention. These general principles harmonize with the forcible expressions of Vice Chancellor Pitney in Campbell v. Watson, 62 N. J. Eq. 396, 50 Atl. 120, and are in line with Chancellor McGill's views in his very able opinion in Williams v. McKay, 46 N. J. Eq. 25, 18 Atl. 824. In Rankin v. Cooper (C. C.) 149 Fed. 1010, Judge Finkelnburg made a clear summary of the relationship of directors to national banks. I quote as follows:

"(1) Directors are charged with the duty of reasonable supervision over the affairs of the bank. It is their duty to use ordinary diligence in ascertaining the condition of its business, and to exercise reasonable control and supervision over its affairs.

"(2) They are not insurers or guarantors of the fidelity and proper conduct of the executive officers of the bank, and they are not responsible for losses resulting from their wrongful acts or omissions, provided they have exercised ordinary care in the discharge of their own duties as directors.

"(3) Ordinary care, in this matter as in other departments of the law, means that degree of care which ordinarily prudent and diligent men would exercise under similar circumstances.

"(4) The degree of care required further depends upon the subject to which it is to be applied, and each case must be determined in view of all the circumstances.

"(5) If nothing has come to the knowledge to awaken suspicion that something is going wrong, ordinary attention to the affairs of the institution is sufficient. If, upon the other hand, directors know, or by the exercise of ordinary care should have known, any facts which would awaken suspicion and put a prudent man on his guard, then a degree of care commensurate with the evil to be avoided is required, and a want of that care makes them responsible. Directors cannot, in justice to those who deal with the bank, shut their eyes to what is going on around them.

"(6) Directors are not expected to watch the routine of every day's business, but they ought to have a general knowledge of the manner in which the bank's business is conducted, and upon what securities its larger lines of credit are given, and generally to know of and give direction to the important and general affairs of the bank.

"(7) It is incumbent upon bank directors in the exercise of ordinary prudence, and as a part of their duty of general supervision, to cause an examination of the condition and resources of the bank to be made with reasonable frequency."

[2, 3] I conclude that, for the acts charged to have been done in pursuance of meetings where the directors attended, the defendants who did attend are sufficiently charged. But allegations that certain directors are liable because of "unreasonable neglect and failure to attend" are not enough. What constitutes an unreasonable neglect and failure to attend meetings of directors? Not necessarily the opinion of the plaintiff. Surely there ought to be facts set forth from which the court can say that the conclusion of the pleader that there was unreasonable failure is well founded. There being no legal presumption of negligence and liability for loss against the defendants who did not attend the meetings of the board, one who undertakes to make them responsible should state facts sufficient to put them upon their defense. I find that in the bill in Campbell, Receiver, v. Watson et al., supra (a case much relied on by the plaintiff), plaintiff with much care pleaded that the failure of the bank was directly occasioned by the neglect of the directors to perform the duties imposed upon them by the by-laws of the bank and their oaths of office; that during the period in which the losses occurred the directors met as a board only once in three months, and did no other business than to elect officers, receive estimates from the cashier of the earnings of the bank during the preceding three months, and declare dividends, and that never during the period, so far as the minute book of the directors showed, did the board appoint a committee to examine the affairs of the bank, or as a board did they count or correct the cash, or make inventory of the assets, or compare the same with the ledger balances, or in any other way ascertain, or attempt to ascertain, the accuracy of the books of the bank, and that the directors swore to accounts made up by the cashier without making any substantial or bona fide attempt to verify the accounts or ascertain what the actual condition of the bank was. Now, if such averments were proper, even against the directors who were present, a fortiori there should be some facts stated which would show that the directors who were not present either purposely or negligently refrained from attending meetings and by so doing have become liable with those who did attend. Ackerman v. Halsey, 37 N. J. Eq. 356.

[4] The allegation that the directors defendants were guilty of negligence, carelessness, and violation of the statutes in retaining in office Carragan as president and Vreeland as vice president should be more specific. If the unfitness and incompetence is based upon the doing of the things elsewhere stated in the bill, this should be set forth; or, if the unfitness consisted of dishonesty, it should be so averred. In other words, there should be some facts set forth upon which the pleader rests the averment. Brinckerhoff v. Bostwick et al., 88 N. Y. 52.

[5] In the light of the repeated averments, general and special, that the bank has sustained large losses, and of the fact that it is insolvent and in the hands of a receiver, the point that the bill is prematurely filed in not well taken. Allen v. Luke (C. C.) 163 Fed. 1018

[6] Nor should the bill be dismissed upon the ground that it is multifarious. The transactions described in the bill all grew out of the relationship of the several defendants to the insolvent national bank. It is true the transactions are many and extend over several years. Yet there are only a few characters of transactions; and inasmuch as the same legal questions will arise as to each group of general transactions, it would seem to be just and highly convenient so to guide the trial as that the liability of each defendant can be determined in one proceeding without imposing hardship or unnecessary expense upon any concerned.

The particulars set forth in the bill would seem to be ample, at least for the present; hence the motion calling for a bill of particulars is denied, without prejudice to renewal at a later time. The motion for a stay of proceedings, until the receiver shall have completed an examination of the bank's books and the defendants have had an opportunity to examine the report of such examination, is denied. The order will be that the motion of the defendant to strike out the entire bill of complaint is denied, but is granted as to all portions of the bill wherein the defendants are charged with unreasonable neglect and failure to attend meetings of the directors, as heretofore indicated. It is also granted as to all portions of the bill particularly embraced within paragraph 38, and wherein the defendants are charged with having employed persons who were unfit and incompetent.

The plaintiff may, however, amend the complaint, if he elects to do so, and serve copy of the amended complaint upon the defendants within 20 days from this date.