## WILLIAMS v. BRADY et al.

(District Court, D. New Jersey. April 7, 1916.)

1. BANKS AND BANKING ☞253—NATIONAL BANKS—LIABILITY OF DIRECTORS.
   There is a liability on the part of national bank directors for failure to perform the duties which the general principles of the law cast upon them when they become directors, distinct from and in addition to the duties and liabilities expressly imposed by the statutes.
   [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 944–949; Dec. Dig. ☞253.]

2. BANKS AND BANKING ☞253—NATIONAL BANKS—SUIT AGAINST DIRECTORS.
   The directors of a national bank are severally liable for the failure to perform their official duties, and a suit by a receiver may be brought against one, all, or any number of them.
   [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 944–949; Dec. Dig. ☞253.]

3. ABATEMENT AND REVIVAL ☞52—ACTION AGAINST DIRECTOR OF NATIONAL BANK—SURVIVAL.
   An action against a national bank director, whether based on the common law or Rev. St. § 5239 (Comp. St. 1913, § 9831), survives against his personal representatives.
   [Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 248–254; Dec. Dig. ☞52.]

4. BANKS AND BANKING ☞254—NATIONAL BANKS—SUIT AGAINST DIRECTORS—SUFFICIENCY OF BILL.
   The bill in a suit by the receiver of a national bank against its directors *held* to sufficiently charge a breach of their common-law duty on the part of certain defendants by setting out their continued failure and refusal to attend meetings of the directors at which action was taken resulting in losses to the bank.
   [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 950–957; Dec. Dig. ☞254.]

In Equity. Suit by Christopher L. Williams, as receiver of the First National Bank of Bayonne, against Bernard Brady and others. On motions to dismiss amended bill, for bill of particulars, and to stay the suit. Motions denied.

Stuart G. Gibboney and George M. Burditt, both of New York City, for plaintiff.

McCarter & English, of Newark, N. J., for defendants Donahoe, Zabriskie, Bennett, and Grover.

Robert S. Hudspeth, of Jersey City, N. J., for defendant Brady.

Elmer W. Demarest, of Jersey City, N. J., for defendant Elsworth.

Merritt Lane, of Jersey City, N. J., for defendants Lazarus and Young.

Pierre P. Garven, of Jersey City, N. J., for defendants Vreeland, Gifford, Ryer, and Eggleston.

Gaede & Gaede, of Hoboken, N. J., for defendant Coward.

John H. Palmer, of Suffolk, Va., for defendant Fuller.

HAIGHT, District Judge. These are motions to dismiss the amended bill of complaint, for a bill of particulars, and to stay the suit. The same motions, addressed to the original bill and based on substantially

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the same grounds, were heretofore heard by Judge Hunt. After exhaustive argument and careful consideration he denied them, but determined that the original bill was insufficient in two respects, and struck out those portions. 221 Fed. 118. He, however, granted the plaintiff the privilege of amending. As I stated at the argument, I consider the rulings of Judge Hunt, in so far as applicable to the present motions, binding upon me, at least at this time. I shall therefore consider only such questions as apparently were not passed upon by Judge Hunt, and those which relate to the matters which he considered insufficiently charged in the original bill. The motion to strike out the entire bill, upon the grounds that it is prematurely brought, does not state a cause of action, is vague and uncertain, and is multifarious, will be denied, as will also the motion for a stay and a bill of particulars, the latter without prejudice, because all of the questions thus presented were passed upon by Judge Hunt.

[1] 1. It is now urged, apparently for the first time, that the defendants are liable only by virtue of section 5239 of the Revised Statutes (Comp. St. 1913, § 9831); in other words, that there is no common-law liability of a director of a national bank, and that consequently all portions of the bill which seek to charge the defendants with liability for acts or omissions which are not specific violations of the provisions of the statutes relating to national banks, must be stricken out. This question is probably covered by Judge Hunt's ruling, because the original bill contained many averments of dereliction of duty which were not violations of such statutes. However, as it does not appear to have been specifically presented to or decided by him, I will consider it. The proposition seems to be based upon counsel's conception of what was held and said by the Supreme Court in Yates v. Jones National Bank, 206 U. S. 158, 27 Sup. Ct. 638, 51 L. Ed. 1002. I cannot gather anything from the opinion in that case which would warrant such a construction, but, on the other hand, it appears to me very clear that the court recognized that there is a liability on the part of national bank directors for failure to perform the duty which the general principles of the law cast upon them when they become directors, distinct from and in addition to the duties and liabilities imposed by the statutes. It was said by Chief Justice White (206 U. S. 178, 27 Sup. Ct. 645, 51 L. Ed. 1002):

"In other words, as the statute does not relieve the directors from the common-law duty to be honest and diligent, the oath exacted responds to such requirements."

That case simply decided that the National Bank Act (Act June 3, 1864, c. 106, 13 Stat. 99) imposes upon directors of national banks duties which did not rest upon them at common law, and that section 5239 affords the exclusive rule by which to measure the right to recover damages, based upon a loss resulting solely from the violation of such duties. The same question as is here presented was raised in Allen v. Luke, 163 Fed. 1018 (C. C. Mass.), and was decided adversely to defendants' contention; Judge Lowell entertaining the same view of Yates v. Jones National as is here expressed. That there exists a

liability on the part of national bank directors for failure to perform the duty imposed upon them by the general principles of the law, irrespective of the statute, is, I think, also clear from Briggs v. Spaulding, 141 U. S. 132, 11 Sup. Ct. 924, 35 L. Ed. 662, where the measure of such duty is defined. See, also, Rankin v. Cooper, 149 Fed. 1010 (C. C. W. D. Ark.).

[2] 2. It is also urged that there is a fatal nonjoinder, because the personal representatives of one who is alleged in the bill to have been a director, and who has since died, is not made a party. The argument in support of this contention is that, as the plaintiff has attempted to charge the directors collectively and has elected to sue all together instead of separately, his failure to join one of the directors takes from the others their right of contribution from him, should they be held liable. No authority is cited, nor is the reasoning convincing. The plaintiff was at liberty to sue one, all, or any number of the directors that he saw fit, for, as I understand it, each is liable for all losses due to his dereliction, although others may be also involved and likewise liable for the same losses, and without regard to the degree of dereliction of which he is guilty. Cooper v. Hill, 94 Fed. 582, 36 C. C. A. 402 (C. C. A. 8th Cir.); Williams v. McKay, 46 N. J. Eq. 25, 18 Atl. 824. Moreover, if a defendant is entitled to contribution from his codirectors, I fail to see how the failure to join any codirector in this suit would preclude him from securing it. In Yates v. Jones National Bank, supra, the suit was not prosecuted against some of the directors.

[3] 3. It is further contended that an action such as this does not survive against the representatives of a deceased director. It has been quite uniformly decided that both the action which is given by the common law and that which is based upon section 5239 of the Revised Statutes does survive, and I think the law may be considered as so settled. Stephens v. Overstolz, 43 Fed. 465 (C. C. E. D. Miss., Justice Miller); Boyd v. Schneider, 131 Fed. 223, 65 C. C. A. 209 (C. C. A. 7th Cir.); Allen v. Luke, 141 Fed. 694 (C. C. Mass.); s. c., 163 Fed. 1018. In Yates v. Jones National Bank and Briggs v. Spaulding, supra, the actions proceeded against the representatives of some of the deceased directors. See, also, Rankin v. Cooper, supra, 149 Fed. 1018; Cockrill v. Cooper, 86 Fed. 7, 15, 29 C. C. A. 529 (C. C. A. 8th Cir.).

4. I find that the points regarding the nonliability of the defendants for losses which occurred as the result of the taking over of certain of the debts due to the Bayonne Bank (the state bank) were embraced in the notice of motion to dismiss the original bill, and the same were undoubtedly considered by Judge Hunt. Defendants' argument in this respect proceeds upon the erroneous assumption that their liability arises only by virtue of section 5239 of the Revised Statutes. Moreover, I do not understand the bill to seek to charge the defendants for losses because of the acquisition of the debts of the original Bayonne Bank, but rather in loaning individuals and corporations moneys in addition to those which they owed the state bank, whereby the amount of moneys loaned to such individuals and corporations by the insolvent bank exceeded the amount which it was authorized by law to loan to any one individual or corporation.

5. It was sought in the original bill, as it is in this, to hold the defendants liable for retaining in office certain officers whom the bill alleges were incompetent and unfit to be intrusted with the authority which was reposed in them. Judge Hunt held that the allegation of the original bill in this respect was not specific enough, and that the respects in which they were unfit must be set forth. A very careful reading of the amended bill has not convinced me that it has supplied the deficiencies of the original bill. The allegations are substantially the same. I think, therefore, that the averments of the amended bill in this respect must be stricken out. They are contained in paragraph 12, and extend from folio 28 to folio 30, inclusive. The remaining part of paragraph 12 charges, generally, the duty of the defendants, both under the general principles of the law and by virtue of the acts of Congress, theretofore referred to, and then alleges generally their failure to perform those duties. I think all of such general allegations of failure, with the exception of those regarding the retaining in office of certain officers, are supported by specific allegations thereinafter made, and that part of the bill will therefore not be stricken out.

[4] 6. The averments of the original bill by which it was sought to charge those directors who did not actually participate in the meetings of the board when the actions were taken, which it is claimed caused certain of the losses, were that they approved of such actions "by their unreasonable neglect and failure to attend" the meetings. The defendants Brady, Coward, Donahoe, and Bennett were then generally charged with a failure to diligently and honestly administer the affairs of the bank. It was held by Judge Hunt that these averments were insufficient, as they were mere conclusions of the pleader, and that facts must be set forth showing what constituted the "unreasonable neglect and failure to attend the meetings," so that the court could judge whether or not the conclusion of the pleader was well founded. In the amended bill there is a charge (paragraph 13) that Brady, although he was a director from January 8, 1907, until the receiver was appointed in December, 1913, "steadfastly and willfully neglected and refused to acquaint himself with the affairs of such association, * * * and * * * willfully, negligently, and steadfastly refused and neglected to attend any meetings of the board," except one; that the defendants Bennett and Donahoe did likewise, and did not attend any meeting, although the former was a director from May, 1910, to January, 1912, and the latter from the time the bank was organized until it suspended. The same applies to the defendants Young and Zabriskie, except that the latter did not attend 25 meetings out of 47. It is further averred that all of the loans and investments from which losses occurred, and which are subsequently set forth with great detail, were passed upon at meetings from which these defendants were absent, and that by reason of their absence and failure to attend to their duties the insolvent bank suffered losses. The bill gives the names of the directors who attended and those who were absent from the various meetings. There are other averments that the directors who absented themselves failed in their duty in certain particulars set forth, and that, had they done those things which their duty required them to do, and which are set

forth, they would have discovered a condition of affairs which, if remedied, as was their duty to do, would have prevented the losses. There are also averments of failure to heed the warnings and follow the instructions of the Comptroller of the Currency, from which losses resulted.

I fail to see how the facts, upon which it is sought to base liability under the common law against those directors who persistently failed to attend meetings, could be more specifically set forth. It is not open to doubt, I think, that a willful and continued failure on the part of a director to attend meetings of the board at which the business of the bank is conducted, and to familiarize himself, to some extent, with the bank's affairs, is a violation of the duty which the common law imposes upon directors, and, if loss results therefrom, that he is liable, because such action is, in itself, a failure to exercise the ordinary care and prudence in the administration of affairs of the bank which the law imposes upon directors. Of course, a director is not required to attend every meeting, and it may be that some of the losses which were the result of actions which were not violations of any statute, taken at meetings at which some of the directors, who were occasionally absent, were not present, and who did not thereafter approve, expressly or substantially, such actions of the board, cannot be held liable for those losses. But quite a different situation is presented by a willful and continued failure, during the whole course of one's directorship, to attend meetings of the board and give to the board the benefit of his judgment and advice. This, coupled with a charge that the losses resulted therefrom, sets forth a cause of action. I think, therefore, that the amended bill has overcome the objections, respecting the absent directors, which Judge Hunt entertained to the original bill.

However, whether the directors, who never actually participated in or assented to the actions of other directors which were in violation of the provisions of the National Bank Act, can be held liable for losses resulting from such actions is a radically different question, and one which does not seem to have been passed upon by Judge Hunt. As before stated, the Yates Case decided that section 5239 affords the exclusive rule as to the recovery of losses resulting solely from the violation of statutory provisions. That section makes a director liable only when he has knowingly participated in or assented to the violation. As I construe Thomas v. Taylor, 224 U. S. 73, 32 Sup. Ct. 403, 56 L. Ed. 673, one who has participated in or assented to a violation cannot be heard to say that he did not knowingly or intentionally do so, when he had deliberately refused to examine that which it was his duty to examine. But this, it would seem, is far from holding that one can be held liable for a violation of the statute when he did not either participate in or assent to such violation. The only allegations of the bill, so far as I can find, to charge the habitually absent directors with violation of the statutes, except the violation of their oath of office (which is nothing more than a concrete statement of their common-law and statutory duty), and those which are charged in paragraph 14, are that they "de-

liberately failed and refused to examine" into the condition of prior loans, where they are sought to be charged for loaning more to any one individual or corporation than the statute permits, etc. The question then arises whether a director, who does not actually participate or assent to a statutory violation, but who is sought to be charged therefor simply because he refused to examine into the affairs of the bank, to ascertain whether violations were being committed or not, can be held liable for losses resulting from such violation under section 5239. For the reasons above indicated I have very serious doubt as to his liability.

I do not find it necessary, however (and think it would be unwise), to attempt to settle this question on this motion. If such directors are not so liable, the allegations of the bill charging them with deliberately failing and refusing to examine may be treated as surplusage, so far as being the basis for liability under the statute is concerned. As before found, the bill does charge such directors with violation of their common-law duty, and as respects the allegations of section 14, in some instances, it would seem properly charges them with violation of their statutory duty. Judge Hunt has held that the allegations of the bill charging those who were present at meetings at which action was taken, which violated the statute, are sufficient. No advantage, therefore, could come from striking out of the respective paragraphs, which charge common-law and statutory violations on the part of both absent and participating directors, such portions as are the basis for a statutory liability on the part of the absent directors, even though not sufficient for that purpose. The question may be more properly dealt with on final hearing. If the only liability of the absent defendants was based on a violation of a statute, the situation would be quite different, and it would then be necessary to determine, on a motion of this kind, whether or not the allegations of the bill were sufficient to charge them with such liability, for, if they were not, such defendants should be relieved of defending the suit. But in a case of this kind—where the averments of the bill do set forth a cause of action in other respects against such defendants, so that they will have to defend the suit at any rate—I think that the better course to pursue is not to decide the question in advance of a final hearing, where it can be more properly decided, and from which decision an appeal may be taken. An appellate court will then have before it all of the facts, and can determine whether or not the action of the trial judge was proper, and can mold its decree without the necessity of ordering a partial new trial.

7. Paragraphs 42 and 43 are new. 42 I think is too uncertain and indefinite to warrant any recovery thereon; but I take it that 43 is a specification of the general allegations of 42. I do not think that any liability can be predicated upon the averments of these paragraphs against the defendants who are not named therein. But Carrigan, one of the defendants, is named, and the paragraphs set forth a cause of action as against him. The mere fact, therefore, that these paragraphs do not set forth a cause of action against the other defendants, is not a sufficient reason for striking them out, when they do set forth a cause of action against one defendant.

In conclusion, it should be observed that many of the objections now made to different parts of the bill by some of the defendants, who are differently situated than others, may be properly urged upon the trial as reasons why they should not be held liable for certain losses; but they are not available on this motion—for instance, the charges contained in paragraphs 42 and 43. This consideration might be, and undoubtedly was, urged before Judge Hunt, as a reason why the bill is multifarious; but that question, as before stated, has been decided, and may not be considered on this motion.

My conclusion is that all of the motions made on behalf of the defendants should be denied, with the exception of that to strike out the averments of the bill which seek to predicate liability against all of the defendants on the retention in office of unfit officers. The plaintiff may, however, amend his bill in this respect, if he desires to do so, provided that such an amendment is filed within 5 days after entry of an order based on these conclusions. It will be manifestly impossible for the defendants to file answers within the time limited by Supreme Court rule 29. The defendants may therefore have 35 days after the date of entry of the order in which to file their answers, if the plaintiff does not file an amendment, as above authorized. If the plaintiff does file such an amendment, the defendants must answer the bill, as amended, within 30 days from the date of filing such amendment; or, if they determine to move to strike out the amendment, they must make a motion to that effect, returnable within 10 days from the date of filing.

The order may be settled on 2 days' notice, unless counsel can agree upon the form of the same.