# CHARLESTON.

THE FIRST NATIONAL BANK OF FAIRMONT *et als,* v. HENRY F.
SMITH *et als.*

Submitted February 17, 1920.    Decided March 2, 1920.

1.  BANKS AND BANKING—*Assignment of Assets—Liability of Directors—Misappropriation of Funds.*

    An assignment by a bank of all of its assets of every kind, character and description, wheresoever situate, will tranfer to the assignee therein the liability of the directors to such assignor bank for misapplication or misappropriation of its funds due to mismanagement or misconduct.  (p. 627).

2.  SAME—*Assignment of Assets—Description of Particular Items.*

    The assignment by a bank of all of its assets of every kind, character and description, wheresoever situate, will pass to the assignee therein all of the assignable assets of such bank, notwithstanding such asignment after the terms above mentioned may describe certain particular items, which do not include the whole of such bank's assets, as being included within the terms of the assignment.  Such particular mention of specific items will not limit the effect of the assignment thereto.  (p. 627).

SAME—*Equity—Suit by Transferee Bank—Recovery of Assets —Satisfaction of Indebtedness—Liquidating Committee and Transferor Bank Parties Plaintiff.*

    A suit in equity to recover a particular claim should be prosecuted in the name of the beneficial owner thereof, and where a bank has transferred all of its assets to another bank, and by the contract of assignment has created a liquidating committee, with powers to prosecute suits for the recovery of said assets, and there is further provision made that when certain indebtedness mentioned in the contract has been paid the transferee bank will re-transfer any remaining assets to the original owner thereof, a suit in equity brought to recover any of such assets so transferred should be brought in the name of the transferee bank, and in such cause it is proper to join as parties plaintiffs the said liquidating committee for the purpose of showing their assent to the prosecution of such suit, as well as the tranferor bank because of its contingent interest in the recovery in case there should be realized an amount in excess of the debts to be paid out of such assets.  p. 630).

Certified from Circuit Court, Marion County.

Bill for an accounting by the First National Bank of Fairmont and others against Henry F. Smith and others, as directors. Demurrer to bill overruled, and question certified.

*Reversed; demurer sustained.*

*Charles Powell* and *Kemble White,* for plaintiffs.

*E. M. Showalter, James A. Meredith, Ira E. Robinson* and *Geo. E. Alter,* for defendants.

RITZ, JUDGE:

The bill in this case seeks an accounting from directors of the First National Bank of Fairmont for considerable sums of money which it is alleged were misappropriated and misapplied by said directors. It is charged in the bill that the First National Bank of Fairmont was a national banking association, and that the defendants sought to be charged were at various times directors of said bank. With great particularity many transactions are alleged by reason of which it is claimed the bank's funds were dissipated by the directors. Many of these transactions were by way of large loans made to sundry people who it is charged were insolvent at the time such loans were made, and were so known to be insolvent by the directors making the loans. Many of these loans it is alleged were made to sundry corporations in which several of the directors sought to be held to account were largely interested, and were promoters, and which had no sufficient substance as a basis for said loans at the time they were made. Each of the transactions for which the defendants are sought to be held is set out in detail in the bill, the date when the same was had, the directors who were present and participated therein, and the extent of the dissipation of the bank's funds because of each thereof.

In the month of August, 1915, the directors of the First National Bank at a meeting passed a resolution proposing to merge that bank with the National Bank of Fairmont, upon the condition that if the National Bank of Fairmont would assume to pay, and pay, all the liabilities of the First National Bank except its liability to its shareholders as such it, the First National Bank, would transfer to the said National Bank of Fairmont all of its assets, to be held by that bank until

such time as a sufficient amount was realized therefrom to pay all of the liabilities of the First National Bank, and should there remain any of said assets after fully paying off these liabilities the same to be re-transferred to the First National Bank of Fairmont for distribution among its stockholders. The board of directors of the National Bank of Fairmont by a resolution accepted this proposition of merger, and in pursuance of the resolutions of the two banks in regard thereto, on the 11th day of August, 1915, they entered, into a contract providing for the merger of their assets. Many provisions are made in this contract to protect the interests of the respective parties. The provisions important to be considered in connection with the controversy here are that the National Bank of Fairmont agreed to assume and pay all of the debts and liabilities of the First National Bank of Fairmont except its liability to its shareholders as such, for the consideration that the First National Bank transfer to it all of its assets of every kind, character and description, wheresoever situate, including loans and discounts, overdrafts, United States bonds, other stocks and bonds, amounts due from banks, banking institutions and trust companies, cash on hand and cash items, real estate and banking house. Then following is a statement of the assets and liabilities of this bank at the close of business on the 10th day of August, 1915, as is ordinarily shown in a statement made by such a bank to the Comptroller of the Currency, and there is not specifically included therein any item of liability of its directors to it for mismanagement of its affairs or misapplication of its funds. The contract also provides for the appointment of a liquidating committee to control the matter of liquidating these assets and applying the same to the discharge of the liabilities of the said First National Bank, and the contract further gives said liquidating committee power and authority to bring any suit, or suits, which may be necessary to convert said assets into money, make sales of any part thereof for that purpose, and to use the name of the First National Bank of Fairmont for the purpose of making any such collection or enforcing any such liability, all to be upon the advice, however, and with the consent of the National Bank of Fairmont, the assignee of said assets. It is further provided that after the

said National Bank of Fairmont has been paid all sums advanced by it to take care of the liabilities of the First National Bank, and all of the liabilities of said First National Bank have been fully discharged and paid off, together with all necessary costs and expenses of administration, should there be any of said assets remaining, the same shall be re-transferred to the First National Bank. This suit was subsquently brought in the name of the liquidating committee and the First National Bank of Fairmont against the directors who it is charged are liable to account for the misapplication of the bank's funds, for the purpose of compelling such accounting, and having decree against them for so much of the funds as were dissipated by the misconduct of the defendant directors.

A demurrer was interposed to this bill by the defendants upon the following grounds: First, that there is a misjoinder of parties, it being argued that the liquidating committee and the plaintiff First National Bank could not be properly joined as plaintiffs in the suit; Second, that the bill is bad for nonjoinder of the National Bank of Fairmont as a party plaintiff, upon the theory that if there is any right to recover the claim asserted as assets transferred by the above agreement, the National Bank of Fairmont must be a party plaintiff to the suit; Third, upon the ground that neither the First National Bank of Fairmont nor the liquidating committee has authority, either express or implied, to institute this suit, nor any right of action whatever against the defendants, for the reason that this liability of the directors to the First National Bank, if there is such liability, was not transferred under the agreement aforesaid, and that said liquidating committee, having derived all of its powers from that instrument, has no right as such to maintain a suit to recover the liability for the benefit of the National Bank of Fairmont.

The contention is that, conceding a liability upon the defendants for the causes alleged in the bill, this was not transferred to the National Bank of Fairmont by the contract above referred to, nor did the liquidating committee acquire any interest therein by that contract, the argument being that while the general words used in the contract making the transfer to the National Bank of Fairmont, to-wit, "that said First National Bank of

Fairmont assign, transfer, set over and deliver to this bank· all of its assets and property of every kind, character, nature and description, wheresoever situate," are broad enough to include this asset if it can be said to be an asset of the bank, this general statement is limited by the· subsequent enumeration of various items of assets which are transferred by the instrument, the contract proceeding as follows: "including loans and discounts, overdrafts," and numerous other items, none of which it is admitted specifically includes the item of liability of the directors to the bank for alleged misconduct or misappropriation of its funds. There is no doubt but that the language above quoted is comprehensive enough to include the asset sought to be recovered in this case, and to transfer the same to the National Bank of Fairmont, unless that general language is limited in its effect by the words following it above quoted. There is a rule · that where language of uncertain or indefinite meaning is used in a contract descriptive of the subject-matter thereof, and the same is followed by specific designations or descriptions, the general language will be limited in its application to such things as are fairly included within such specific description. We do not well see, however, how that rule has any application to the case here. The language of transfer and assignment is certain and definite, including all of the assets of every kind, character and description, wheresoever situate, of the First National Bank of Fairmont. It cannot be said that there is any uncertainty in this language, or that anyone would have any difficulty in determining what it means, and the fact that it is followed by a recital to the effect that it includes within its terms certain designated assets does not necessarily limit the language to those assets which it is asserted are included within the language by which the transfer is made. We are very clearly of the opinion that if it can be said that this liability is assets of the First National Bank it was transferred to the National Bank of Fairmont by the contract. There seems to be little doubt but that such a liability is assets. In *Benedum* v. *Bank,* 72 W. Va. 124, such a liability is distinctly held to be assets of the bank, and to be recoverable for the benefit of the bank's creditors and stockholders. *Lamb* v. *Cecil,* 25 W. Va: 288. The ground upon which this liability is based is that the directors of a national banking

association, when entering upon their duties, impliedly agree to properly and faithfully perform them, and if they fail in this respect, and mismanage, misappropriate, or misapply the bank's assets, and damage ensues, a cause of action arises, and this cause of action may be enforced by a receiver in the case of an insolvent bank for the benefit, not only of creditors, but of stockholders as well, or it may be enforced by the creditors or the stockholders in their own interest. *Benedum* v. *Bank, supra,* and authorities there cited. The liability is in its nature *ex contractu* rather than *ex delicto*. It arises from the failure of the directors to perform the duty they have undertaken to perform, and being of that character it is, of course, assignable. *Bates* v. *Dresser,* 229 Fed. 772, and authorities there cited. The bill shows that the defendants are attempted to be charged with liability for making loans of the bank's funds upon grossly inadequate security, and it may be said that because of their undertaking to be vigilant in the performance of their duties they became in a sense guarantors to the bank for such loans as were made by them with reckless disregard of the bank's interest. All of these loans and discounts are specifically transferred to the National Bank of Fairmont, and it may be that such transfer would carry with it this liability of the directors, if it were not otherwise included in the assignment.

But it is said that the bill in this case is demurrable for the reason that there is a provision in the contract providing for the re-assignment of any assets remaining after the full payment of the liabilities assumed by the National Bank of Fairmont, and that the bill does not show that these liabilities have not been fully paid, or that it will be necessary to resort to this asset in order to pay the same, the contention being that before a suit can be maintained against the directors all of the other assets must be exhausted in the payment of liabilities; and further, that the bill must show before it can be maintained that there is not sufficient other assets to pay these liabilities. There is nothing in this contention. If this obligation is an asset of the First National Bank, and we hold that it is, then the assignee has the right to collect it. There is nothing in the contract that limits the assignee to the collection of any particular part of the assets, or that prescribes any order in which

the same shall be collected. Its discretion is absolute. It may collect any of the assets it pleases and apply the same to the liabilities it has assumed, and it does not lie in the mouth of a debtor to say that some other debtor must be made to pay before a suit can be brought against him. The liability of the directors, as set out in the bill in this case, is not dependent upon anything but proof of the allegations made in the bill. It exists whether the assets are sufficient to pay all of the debts or not. It may be that if the liability is sustained and the recovery allowed, it will exceed the amount necessary to pay off the debts assumed by the National Bank of Fairmont, in which case the surplus will be turned over to the First National Bank of Fairmont for distribution among the stock holders. It cannot be argued that because the stockholders may benefit by the collection of the assets of the bank there is no duty upon the National Bank of Fairmont to collect the same. When it accepted this transfer it impliedly obliged itself in good faith to convert the assets into money, and so long as that condition exists it is its duty to use all proper means to reduce to cash every asset transferred to it by the contract, including this liability of the directors.

The contention that the National Bank of Fairmont should be a party plaintiff to this suit seems to be well taken. By the contract above referred to this asset was transferred to and vested in that bank, and while the contract conferred upon the liquidating committee authority to bring suits for the purpose of converting the assets into cash, when a suit in equity is brought the rule is that all parties substantially interested must be before the court. A suit brought in equity to recover a particular claim should be brought in the name of the beneficial owner, even though the legal title may be in the name of another. *Raleigh County Court* v. *Cottle,* 81 W. Va. 469.

The objection that there is a misjoinder is not well taken. It may be that there was no necessity for making the liquidating committee parties plaintiffs, but inasmuch as they are given considerable authority under the contract in regard to the prosecution and conduct of suits they are proper parties plaintiffs. It is entirely right that they should indicate their acquiescense in the

institution and prosecution of a suit by becoming parties plaintiffs thereto.

Neither is the First National Bank of Fairmont improperly made a party plaintiff. It may not have any interest in the subject-matter when the affairs are finally wound up, or it may have such interest. It may be that the recovery, if any is had, would go partly to it and partly to the National Bank of Fairmont. Such being the case it should be joined in the suit as a party interested in the proper conduct and result thereof. As before stated, however, the party particularly interested is the National Bank of Fairmont, and it should be a party plaintiff.

We are of opinion, therefore, to reverse the decree overruling the demurrer to the bill, to sustain said demurrer, and certify our conclusion to the circuit court, where the bill may be amended as above indicated; or, if the National Bank of Fairmont declines to become a plaintiff, dismissed without prejudice.

*Reversed; demurrer sustained.*