## CHARLESTON.

THE FIRST NATIONAL BANK OF FAIRMONT *et al. v.* HENRY F. SMITH *et al.*

(No. 6478)

Submitted November 12, 1929. Decided November 19, 1929.

*Anthony F. McCue, Charles Powell,* and *Kemble White,* for appellants.

*Victor H. Shaw,* for appellees.

LIVELY, JUDGE:

The bill [which was found to be sufficient for recovery against defendants who were directors of First National Bank

of Fairmont (before it failed) in *National Bank* v. *Smith,* 85 W. Va. 624] is for the recovery of large sums of money alleged to have been misappropriated and misapplied by defendant directors. The details of money transactions by which the alleged misappropriations were consummated are set out with much particularity. Defendant directors denied the material allegations, and the parties went to proof. Pending the litigation four of defendant directors compromised and settled their respective liabilities with plaintiffs and were dismissed from the suit without prejudice to plaintiffs' right of recovery against the remaining defendants.

Upon submission for decision the trial chancellor made a finding of fact adverse to the remaining directors as to their liability in an opinion made a part of the record, but ordered a dismissal of the bill because of the settlement of plaintiffs with four of the directors, holding that a release of one of them released all. This appeal followed. Defendant Millard F. Boggess, Executor of Benjamin D. Fleming, deceased, takes the position that the evidence does not justify a finding of misappropriation or misapplication of the bank's funds by defendants and especially by his decedent, and therefore the bill should have been dismissed on that ground, and this Court is asked to uphold the dismissal for that reason. The other defendants in an informal way concur in the Executor's contention. The trial chancellor did not carry his finding of fact into the decree in terms, and his finding was wholly unnecessary to the dismissal of the bill. There is no decree against defendants. That finding of fact is very general and does not attempt to ascertain to what extent each director was liable. The Executor's liability under the finding may be less than $100.00. He may be satisfied with it, if and when a judgment is rendered. The sole ground on which the decree is based is tersely stated in the trial judge's memorandum as follows: "However, the plaintiffs selected their own form of procedure and brought this suit and prosecuted it as shown in the record. After the suit was brought and pending final disposition thereof they settled with four of said defendants as a matter of choice and not of obligation. The court is of

opinion after thoughtful consideration of the law applicable to the case that each defendant was liable, if at all, for the whole loss caused by the negligence of all acting as a board, and therefore, the plaintiffs having settled with one or more of the defendants and released them from further liability, they cannot now recover from the remaining defendants or any of them. It is the opinion of the court, therefore, in view of all the facts relating to the settlement with and discharge of four of the defendants, the plaintiffs cannot recover any balance from the remaining defendants. A decree may be prepared dismissing the case with costs to the defendants.'' We do not think the case is such that it calls for a review of the finding of fact not made the basis of the decree.

The only question before us is a purely legal one, namely, whether the release of four of the directors from liability pending the suit *ipso facto* operates to release the remaining directors from all liability. Directors of banking institutions are generally held to be liable for misapplication or misappropriation of the bank's funds. The courts often regard them as trustees for the stockholders. This view was expressed by this Court in *Benedum* v. *First Nat. Bank,* 72 W. Va. 124, wherein it was held that the officers of the bank who participated in misappropriations and transactions occasioning losses were jointly and severally liable. In that case Benedum was a former president and director and instituted the suit to wind up the bank's affairs. By cross bills Benedum and other directors were charged with gross acts of negligence and misappropriations, and Benedum was decreed against separately. It was contended there, as here, that the liability was joint. The Court said: ''There was no error in decreeing separately against Benedum. Two or more trustees participating in a breach of trust incur joint and several liability to the cestui que trust,'' citing authorities. It must be remembered that the bank in the case under consideration was a national bank and the federal banking act applies. Section 5239 of the Revised Statutes provides: ''And in case of such violation each director who participated in or assented to the same shall be held liable in his personal and individual

capacity for all damages which the association, its shareholders, or any other person, shall have sustained in consequence of such violation." The federal courts, without exception, so far as we have been able to ascertain, have construed this section to mean that each director is separately liable. Illustrative of the decisions on this point is the holding the circuit court of appeals for the Fourth Circuit in *Gamble* v. *Brown*, 29 Fed. Reptr. Second Series, 366. It was there held: "Each director of bank is liable in his personal and individual capacity, and may be sued alone or jointly with other directors whether his liability is based on a failure to perform a statutory or common law duty." It was there also held that a release of other directors by compromise with them from liability for negligence did not release other directors, on the theory that they were joint tort-feasors. And in *Consicana Nat. Bank* v. *Johnson*, 251 U. S. 68, the opinion in construing the federal statute says: "The violation (of the statute) is in the nature of a tort, and the party injured may sue one or several of the joint participants." In point are *Bigelow* v. *Old Dominion Copper Co.*, 225 U. S. 111, 132; *Campbell* v. *Watson*, 62 N. J. Eq. 96, 50 Atl. Rep. 824; *Williams* v. *Brody*, 232 Fed. 740; *Williams* v. *McKay*, 46 N. J. Eq. 25; *Chesbrough* v. *Woodworth*, 195 Fed. 875; *Yates* v. *Jones Nat. Bank*, 266 U. S. 158, cited by appellants.

These federal decisions construing the federal act, fixing the liabilities of directors, and the right of recovery against each separately, are binding upon this Court. Moreover, they are in accord with our own decision in *Benedum* v. *Bank*, above cited.

The principle of law relied upon by appellees to sustain the dismissal of the bill, namely, that, "the release of one or more joint obligors is a release of all", does not apply to bank directors who are regarded as trustees and the stockholders as cestui que trust. Under the federal banking act each director is personally and individually liable, and the release of one does not release the others.

The decree will be reversed, the bill reinstated, and the cause remanded.

*Reversed; bill reinstated; remanded.*