## THOMAS *v.* TAYLOR.

### ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 171. Argued February 28, 1912.—Decided March 18, 1912.

How an action brought in the state court shall be denominated is for
the state court to determine.

Although the common-law action of deceit does not lie against directors
of a national bank for making a false statement, and the measure
of their responsibility is laid down in the National Banking Act,
*Yates v. Jones National Bank,* 206 U. S. 158, an action may be main-
tained in the state court regardless of the form of pleading if the
pleading itself satisfies the rule of responsibility declared by that act.

There is, in effect, an intentional violation of a statute when one de-
liberately refuses to examine that which it is his duty to examine.

The fact that a statement of the condition of a national bank is not
made voluntarily, but under order of the Comptroller of the Cur-
rency, does not relieve the directors from liability for false state-
ments knowingly made therein.

Notice from the Comptroller of the Currency to directors of a national
bank to collect or charge off certain assets is a warning that those
assets are doubtful; and to disregard such a notice and represent the
assets in a statement to be good is a violation of the law and renders
the directors making the statement liable for damages to one de-
ceived thereby.

The objection that an action for deceit against directors of a national

bank was not declared in the trial court to be based on the Federal statute, and, therefore, defendants did not introduce evidence applicable to such a suit but which could be omitted in a common-law action, should be raised in the lower courts; such an objection is without merit where it appears that the issues actually raised were broad enough to allow and require the introduction of such evidence.

A judgment cannot be reversed on the mere suggestion that upon some other theory than that on which the case was tried evidence might have been introduced which might have changed the result.

195 N. Y. 590, affirmed.

THE facts, which involve the liability of directors of a national bank for damages caused by a false statement of the condition of the bank, are stated in the opinion.

*Mr. Nash Rockwood* for plaintiffs in error:

The remedy prescribed by the statute is exclusive; no common-law action for deceit will lie. See §§ 5211, 5239, Rev. Stats.

This is a penal statute, prescribing a duty, creating a liability, imposing a penalty, and providing a method for its enforcement; the duty so prescribed is entirely new, the liability so created had not theretofore existed, and this penalty had never been imposed, until the statute changed and entirely abrogated the common law relating to the subject. *Yates* v. *Jones National Bank*, 206 U. S. 158, 176.

The judgment of the state court, awarded in a common-law action for deceit, cannot be sustained here as a recovery under the Federal statute.

Having secured his judgment at common law, upon common-law proceedings and common-law proof, defendant in error now seeks to sustain it upon a different theory, and one which plaintiffs in error have never been permitted to defend.

Under our system of jurisprudence such a contention cannot prevail.

For distinction between these forms of action see *Utley*

v. *Hill,* 155 Missouri, 232, cited with approval in 206 U. S. 180; *Kountze* v. *Kennedy,* 147 N. Y. 129, 234.

Section 5239 has been so strictly construed as to require proof of something more than mere negligence and recklessness; nothing short of intentional violation will suffice. *Yates* v. *Jones National Bank,* 206 U. S. 180; *Utley* v. *Hill,* 155 Missouri, 232, 264; *McDonald* v. *Williams,* 174 U. S. 397.

Proceedings by virtue of which it is sought to impose upon plaintiffs in error a severe penalty do not in any sense constitute due process of law, which means a legal proceeding appropriate to the case and just to the parties, and which, above all else, gives the party to be affected a full opportunity to be heard. *Burton* v. *Platter,* 53 Fed. Rep. 901; *Gentry* v. *United States,* 101 Fed. Rep. 51; *In re Rosser,* 101 Fed. Rep. 562, 567; *Galpin* v. *Page,* 18 Wall. 350, 368; *Windsor* v. *McVeigh,* 93 U. S. 274; *Hovey* v. *Elliott,* 167 U. S. 409, 414; *Simon* v. *Craft,* 182 U. S. 427, 436; *Holden* v. *Hardy,* 169 U. S. 366, 391; *Merrill* v. *Rokes,* 12 U. S. App. 183; *Garfield* v. *Goldsby,* 211 U. S. 249, 262; *Bailey* v. *Alabama,* 219 U. S. 219, 238; *Moyer* v. *Peabody,* 212 U. S. 78, 84.

No violation of the statute was shown, even if the proper remedy had been invoked.

Directors can only be held liable under the Federal statute for a violation "knowingly done" or "knowingly permitted." *Yates* v. *Jones National Bank,* 206 U. S. 158–180.

The report was a true and correct statement of the condition of the bank as shown by its books. This is established by the evidence and findings, and is nowhere disputed.

The letter of the Comptroller of the Currency was not a final decision upon the value of these assets, which compelled the directors to immediately treat them as worthless. *United States* v. *Graves,* 53 Fed. Rep. 634. See also

*Potter* v. *United States,* 155 U. S. 438; *United States* v. *Young,* 128 Fed. Rep. 111; *Coffin* v. *United States,* 156 U. S. 446; *Graves* v. *United States,* 165 U. S. 324; *Twining* v. *United States,* 141 Fed. Rep. 41.

There is no sufficient evidence that the defendant in error suffered damage by reason of any act of the plaintiffs in error.

Defendant in error has mistaken his forum, as this action cannot be maintained in a state court. *In re Eno,* 54 Fed. Rep. 669; *State* v. *Tuller,* 34 Connecticut, 280; *Commonwealth* v. *Felton,* 101 Massachusetts, 204; *People* v. *Fonda,* 62 Michigan, 401; *Commonwealth* v. *Ketner,* 92 Pa. St. 372.

The Federal courts have exclusive cognizance of the offense of embezzlement of the funds, etc., of a national bank, and the offense is punishable only under United States statutes. *United States* v. *Buskey,* 38 Fed. Rep. 99; *State* v. *Tuller,* 34 Connecticut, 280; *Commonwealth* v. *Felton,* 101 Massachusetts, 214; *Commonwealth* v. *Ketner,* 92 Pa. St. 372; *People* v. *Fonda,* 62 Michigan, 401.

State courts have jurisdiction of offenses by national bank officers for which the acts of Congress have not made provision. *State* v. *Tuller, supra; State* v. *Fields,* 98 Iowa, 748; *State* v. *Bardwell,* 72 Mississippi, 535.

*Mr. Edgar T. Brackett* for defendant in error:

At the time of the commencement of the action, the facts here proven and before recited made out against the defendants a case of deceit at common law. *Brackett* v. *Griswold,* 112 N. Y. 454, 467; *Kley* v. *Healy,* 127 N. Y. 555, 561; *Kuelling* v. *Lean Mfg. Co.,* 183 N. Y. 78, 84; *Kingsland* v. *Haines,* 62 App. Div. 146, 148; *Ettlinger* v. *Weil,* 94 App. Div. 291; *Mason* v. *Moore,* 4 L. R. A. 597, 605; *Mors* v. *Swits,* 19 How. Pr. 275, 287; *Barber* v. *Morgan,* 19 How. Pr. 275, 287.

The action is well brought and the recovery right under

the terms of § 5211, Rev. Stat., the necessary implication of which is that the statement thus made and attested must be true and that a false report is prohibited. *Yates* v. *Jones Nat. Bank,* 206 U. S. 157–177; § 5239 Rev. Stat.

Two results may flow from a violation of its provisions: the franchise of the association may be forfeited—if such a result is sought, or reached, it must be through the medium of the Federal courts; or the directors guilty may be held liable for the damages sustained by any person. *Yates* v. *Jones National Bank, supra.*

Even if the recovery is sustained upon a theory different from that upon which it was based by the Special Term, as it is correct it will not be reversed because founded on a wrong reason. *Marvin* v. *Universal,* 85 N. Y. 278, 284; *Ward* v. *Hasbrouck,* 169 N. Y. 407, 420; *Siefke* v. *Siefke,* 6 App. Div. 472, 474; *Penny* v. *Rochester,* 7 App. Div. 595, 606; *Cullinan* v. *Furthman,* 70 App. Div. 110, 112; *Arnot* v. *Erie,* 67 N. Y. 315, 321; *McLaughlin* v. *Fowler,* 154 U. S. 663; *Lancaster* v. *Collins,* 115 U. S. 222, 227.

A finding that the defendants below knew, or were convinced, is simply stating in two forms that the defendants knew; and a statement recklessly made, without knowledge of its truth, which is, in reality, false, is a false statement knowingly made. *Cooper* v. *Schlesinger,* 111 U. S. 148, 155; *Moline Plow Co.* v. *Carson,* 72 Fed. Rep. 387, 392; *Boddy* v. *Henry,* 113 Iowa, 463, 468; *Rothschild* v. *Mack,* 115 N. Y. 1, 7; *Hadcock* v. *Osmer,* 153 N. Y. 604, 609.

MR. JUSTICE MCKENNA delivered the opinion of the court.

Action against plaintiffs in error for attesting as directors a false report, as it is alleged, of the condition of The Citizens' National Bank of Saratoga Springs, New York, whereby the plaintiff in the action (defendant in error)

was deceived and induced to purchase thirty shares of the stock of the bank for the sum of $160 per share, which would have been worth that sum had the report been true, but on account of its being false he was compelled to pay 100 per cent assessment on his shares, which was required to be made by the Comptroller of the Currency. Damages were laid in the sum of $4,800, for which, with interest, judgment was prayed.

The action was framed in deceit under the common law, the trial court stating that "the defendant claims, and the plaintiff concedes, that this is not an action to recover upon any liability stated in the National Banking Act against a director or officer of a national bank." And this was the ground of judgment, the trial court rejecting the contention of defendants (plaintiffs in error) that the only action, if any, available to the plaintiff (defendant in error) was under the National Bank Act. The court said: "But here the liability set forth in the complaint is not created by statute; the action is not a statutory action. It is the common-law action to recover damages in deceit affecting plaintiff only, not the bank or the stockholders generally, and must be considered as such. In the complaint the plaintiff has set forth a cause of action for deceit, and not a cause of action under the statute." The court was also of the view that there was nothing in the statutes of the United States "that destroys the common-law action for deceit practiced by the directors of a national bank;" and said, further, that if the plaintiff were attempting to enforce a liability under the statute against the directors of a national bank, there would be a different case. Considering that the evidence established all the elements necessary for the recovery in an action for deceit, the court rendered judgment against defendants (plaintiffs in error) for the sum of $4,800 and interest.

The Appellate Division, where the case was carried by defendants, and also the Court of Appeals, gave a broader

effect to the action, and decided that its requirements under the common law of the State coincided with the requirements of the statutes of the United States, and satisfied the measure of responsibility of those statutes as expressed in *Yates* v. *Jones National Bank,* 206 U. S. 158. "The case," the court said, "both as to pleadings and proofs, meets the statutory requirements."

The court, however, decided that by the realization of $97,000 of the assets condemned by the Comptroller, defendant in error's stock was not a total loss, as found by the trial court, but had a value of nearly $2,000, and required him to stipulate to deduct from the judgment the sum of $2,000 and interest, in which case the judgment so reduced was to be affirmed. The stipulation was filed.

The judgment was affirmed by the Court of Appeals, "on opinion of Cochrane, J., in the Appellate Division." We shall refer to the opinion as that of the Appellate Division, although it was adopted by the Court of Appeals.

A consideration of the pleadings need not detain us long. How the action should be denominated or regarded was for the Appellate Division and the Court of Appeals to decide, and those courts, considering the laws of the State, decided that it was the facts pleaded and not the technical designation of the action which constituted grounds of recovery; and we accept their decision. There is nothing in the national banking laws which precludes such view. Those laws are not concerned with the form of pleadings. They only require that the rule of responsibility declared by them shall be satisfied.

The attack made by the plaintiffs in error is as much directed against the evidence as against the ruling of the court, and it is well to consider the facts. They are stated in a general way in the opinion of the Appellate Division as follows (124 App. Div. 53, 54):

"The defendants [plaintiffs in error here] are directors of the Citizens' National Bank organized under the National Bank Law and doing business in the village of Saratoga Springs, N. Y. Prior to March 1, 1904, the Comptroller of the Currency informed the directors of the bank by letter that certain specified assets, amounting to $194,107.02, must be regarded as doubtful, and that immediate steps should be taken for their collection or removal from the bank. Of such letter the defendants had knowledge. On April 8, 1904, pursuant to a call of the Comptroller, a report of the condition of the bank at the close of business on March 28, 1904, made in regular form, verified by the cashier of the bank, and attested to be correct by each of the defendants, was published as required by law. In such report were included as a part of the resources of the bank the doubtful assets to which the attention of the defendants had been called by the Comptroller. The report also stated that the capital stock of the bank was $100,000; that there was a surplus of $50,000 and that there were undivided profits of $13,456.75. This published report was not seen by plaintiff, but its contents were communicated to him, and relying on the same, he purchased in the early part of June, 1904, thirty shares of the stock of said bank for the sum of $4,800. On June 27, 1904, the bank received notice from the Comptroller that its capital had become totally impaired, and that the same must be supplied by assessment upon the stockholders. Immediately thereafter such assessment was ordered, and the plaintiff paid $3,000 on account of the stock he had recently purchased."

All through the argument of plaintiffs in error runs the insistence that the common-law action of deceit does not lie against the directors of a national bank and that the only measure of their responsibility is laid down in the national banking laws. This is admitted. It was conceded by the Appellate Division as having been established

by *Yates* v. *Jones National Bank*, 206 U. S. 158, and the question in the case comes to the simple one, whether the Appellate Division rightly decided that the findings in the case at bar satisfied the test of liability declared in the *Yates Case*.

In that case a broad consideration of the national banking laws was given, and it was deduced from them that the report which § 5211 of the Revised Statutes required must contain a "'true'" statement of the condition of the bank and that "the making and publishing of a false report is prohibited." These, however, it was said, were implications but that the liability of the directors was fixed by the express provisions of the laws, and its extent was measured "by the promise not to 'knowingly violate, or willingly permit to be violated, any of the provisions of'" the Title relating to national banks.

This test is the foundation of the action. The complaint charges plaintiffs in error with actual knowledge. The allegation is that when plaintiffs in error attested the report "they knew the same was not correct and was false, and said statement was thus attested by them with the intention of deceiving the public and, among others, the plaintiff" (defendant in error). And the Appellate Division says (p. 56): "That the report was false and known to the defendants to be false they do not deny, nor do they attempt to explain their conduct." This would seem like a finding of fact of knowledge of the falsity of the report on the part of plaintiffs in error. Indeed, in distinguishing the case from the *Yates Case* the court did so on the ground that in that case "there had been a recovery against directors without proof of scienter, which proof the statute requires," and added: "Such proof has been supplied in the present case."

But, not insisting on this, let us consider the argument of plaintiffs in error. It is that the statement was not voluntary, having been made under the command of the

National Banking Act, and therefore an element of the action of deceit is wanting; and that such act requires "proof of something more than mere negligence and recklessness; nothing short of an intentional violation will suffice." *Yates* v. *Jones National Bank* and other cases are cited to support the contention. The contention goes beyond what was said in *Yates* v. *Jones National Bank.* The language there is "that where by law a responsibility is made to arise from the violation of a statute knowingly, proof of something more than negligence is required—that is, that the violation must in effect be intentional." Not, therefore, that as a condition of liability there should be proof of something more than recklessness; not that there should be an intentional violation, but a violation "in effect" intentional. There is "in effect" an intentional violation of a statute when one deliberately refuses to examine that which it is his duty to examine. And such was the conduct of plaintiffs in error in this case. They had notice from the Comptroller of the Currency that $194,000 of the items counted as assets of the bank were doubtful and should. be collected or charged off. This "was a direct warning to them," as the trial court said, "by the bank examiner and Comptroller that assets to nearly twice the amount of the capital stock were considered doubtful." They, notwithstanding, represented the assets to be good. Such disregard of the direction of the officers appointed by the law to examine the affairs of the bank is a violation of the law. Their directions must be observed. Their function and authority cannot be preserved otherwise and be exercised to save the banks from disaster and the public who deal with them and support them from deception.

It is further urged that it is unjust to sustain against plaintiffs in error the view of the action entertained by the Appellate Division because they say that their defense in the trial court was addressed and adapted to the case made

against them. "Had the action," they say, "been considered as based upon a Federal statute, there were many matters of defense which they could have interposed to such a charge, but which they had a right to omit, and were justified in omitting, at the time." In specialization of this it is said that they might have shown their relation to the bank and the confidence they had and were justified in having in the statements of certain of its officers, the cashier being instanced as one upon whom they might have relied "to prepare and correct a legal statement." And they contend that by such showing they would have been acquitted of having "'knowingly violated the statute.'"

This contention does not seem to have been urged in any of the courts below. It is stated in the opinion of the Appellate Division that "there is no pretense by defendants that they have been prejudiced by the theory followed in the court below." It is somewhat late now to urge it, but, however, we think it is without merit. There was an issue of knowledge tendered by the pleadings, and to sustain their side of the issue plaintiffs in error offered testimony of the correctness of the books and to show that the report was a true copy of them, as it was alleged in their answer to be. No attempt was or is made to show why the notice from the Comptroller was disregarded (we have seen it was known to plaintiffs in error prior to the attesting of the report), except that they point to the fact that $97,000 of the items mentioned by the Comptroller were subsequently collected and that they should have been given time to collect the other assets. But the fact of the false representation remains, and the assessment of 100 per cent upon the stock purchased by defendant in error, which increased the cost of his stock $3,000.

The plaintiffs in error, indeed, are quite at pains to show that a representation to be actionable for deceit

must not only be false, but must be known to be false. In other words, to quote from their brief, "To sustain an action for deceit, not only falsity but knowledge of falsity of representation must be shown," and for this New York cases are cited. In another part of their argument they say actual knowledge is not necessary, but that the action may be supported if reckless inattention has made the injury possible.

It is manifest, therefore, that plaintiffs in error did not refrain from showing want of knowledge because of the theory upon which the case was tried, and such showing was obviously relevant to support that theory and the defense that the requirement of the National Banking Act had not been violated, which was their explicit contention.

Besides, judgment cannot be reversed upon the mere suggestion that upon some other theory than that upon which the case was tried evidence might have been introduced which might have changed the result. But we are extending the discussion unnecessarily. The courts of New York have decided that the requirements of the local law of deceit are identical with what we have decided are the requirements of the National Banking Act.

*Judgment affirmed.*