FIRST NAT. BANK OF FAIRBANKS v. NOYES.

(Fourth Division. Fairbanks. September 30, 1916.)

No. 2038.

PLEADING ☞362(5)—AMENDMENTS—NEW CAUSE OF ACTION—STRIK-
ING OUT.

Motion was made to require the pleadings to be reformed,
but was denied. The court directed that plaintiff furnish a bill
of particulars. The plaintiff asked to amend the complaint and
to furnish the additional matter as amendments, which was per-
mitted. The amended pleading went further, and included new
matter, constituting allegations making a separate and new
cause of action. Held, on motion to strike, denied, but, on mo-
tion of the court, the plaintiff was required to eliminate from
the amended complaint such allegations in the first three alleged
causes of action as state each another cause of action.

The original bill filed in this action on the 6th of July, 1914,
sets forth separately five causes of action against the defend-
ant. It is alleged in each cause of action that the First Na-
tional Bank of Fairbanks is a national banking association of
the United States, duly organized and existing under and
by virtue of the laws of the United States and engaged in a
general banking business in the town of Fairbanks, Alaska;
that its paid-up capital stock is the sum of $50,000, consisting
of 500 shares, of the par value of $100 each; that the man-
agement and control of its business and affairs was in the
hands of a board of directors, consisting of six members duly
elected; that the president and vice president, but not the
cashier, officers of the bank, were members of the board of
directors.

The first cause of action specifically alleges that the offi-
cers and directors of said bank, for the purpose primarily of
avoiding and evading the national banking laws of the Unit-
ed States, and particularly that part thereof which prohibits
national banking associations from lending to any one person,
corporation, or firm more than 10 per cent. of its paid-up cap-
ital and surplus, maintained, carried on, and conducted a
bank on Dome creek, Alaska, under the name and style of.
"S. A. Bonnifield Bank," and that by reason of various loans
and advances made from time to time to said S. A. Bonnifield

Bank in excess of the amount permitted by the laws to be loaned to any one person, corporation, or firm as set forth in said cause of action over and above the payments made thereon in the manner alleged, said First National Bank was and is damaged in the total sum of $25,722.27.

The second cause of action specifically alleges that the officers and directors of the First National Bank, with the same purpose in view, carried on and conducted a bank on Cleary creek, Alaska, under the name and style of "the Bank of Cleary"; that at a time when the liabilities of the bank of Cleary exceeded its assets by the sum of $43,793.46, the officers and directors of the First National Bank, for the purpose of having funds with which to reduce the liabilities of the Bank of Cleary, caused an unlawful dividend to be declared by the First National Bank, whereby the capital stock of the said First National Bank was impaired and decreased by the sum of $5,627.93.

The third cause of action specifically alleges that the officers and directors of the First National Bank, while operating the Bank of Cleary, with the purpose primarily of avoiding and evading the national banking laws of the United States in the manner aforesaid by making excessive loans and advances to the Bank of Cleary, did, by taking and receiving a worthless and uncollectible note of C. L. Carlson in settlement of a balance due from excessive loans and advances, damage said First National Bank in the sum of $7,168.22, with interest thereon from December 18, 1907.

The fourth and fifth causes of action specifically allege excessive loans to J. W. Corson and Theodore Witte, respectively, in violation of the national banking laws of the United States, whereby said First National Bank was damaged by the loan made to Corson in the sum of $5,100, with interest thereon from August 13, 1908, and by the loan made to Witte in the sum of $7,800, with interest thereon from August 1, 1911.

Defendant, on the 8th of September, 1916, filed a motion to separately state and number, and a motion to strike and make more definite and certain. Upon a hearing of these motions, the court being of the opinion that no alleged cause of action in the complaint contained more than a single cause of action, denied the first motion. The motion to strike certain

portions of the complaint was denied, and the court being of the opinion that the plaintiff should set forth in detail a statement of the alleged excessive loans and advances, together with such additional data relative to the transactions set forth in the first three causes of action as would enable the defendant to prepare his defense, directed that a bill of particulars as above indicated be furnished by the plaintiff. Thereupon the plaintiff moved the court for leave to amend the complaint and to furnish exhibits, in lieu of a bill of particulars. The motion having been granted, the plaintiff filed an amended complaint. It appears that leave to file an amended complaint was considered by the plaintiff not to be limited to such amendments as would ordinarily be contemplated by virtue of the rulings theretofore made. The amended complaint filed contains, besides the exhibits directed and a restatement of various transactions set forth in the first three causes of action, other allegations of such a nature that the defendant has interposed a motion to strike the entire amended complaint, and, in the event of this motion being denied, a motion to strike therefrom those portions of the first three causes of action particularly distinguishing them as causes of action in violation of the national banking laws of the United States rather than actions framed under a common-law liability.

A comparison of the amended complaint with the original is necessary.

(1) Paragraph II of the original complaint contains the following:

"That said S. A. Bonnifield Bank was without capital and that the assets and deposits of said First National Bank of Fairbanks were used in large quantities by the officers and directors of the said First National Bank of Fairbanks in the carrying on and conducting of said S. A. Bonnifield Bank."

As amended it is alleged:

"That said S. A. Bonnifield Bank was without capital or other assets, and from its opening until its close the capital, assets, deposits, and moneys of the said First National Bank were wrongfully, knowingly, and negligently loaned, used, misappropriated, and diverted by the officers and directors of said First National Bank in large sums, quantities, and amounts in the establishing, carrying on, and conducting of said S. A. Bonnifield Bank."

5 A.R.—36

(2) Paragraph III of the second cause of action and paragraph IV of the third cause of action each contain an identical allegation concerning the acts of the directors and officers of the First National Bank in carrying on and conducting the Bank of Cleary; while the amended pleading sets forth the same charges as it did with reference to the S. A. Bonnifield Bank.

Defendant insists that his motion to strike the amended complaint should prevail for the reason: First, that the first cause of action thereof introduces a new cause of action for misappropriation and diversion of funds and conversion of the same by means of fraud, deceit, and falsifying accounts; whereas, the first cause of action in the original complaint set forth an action for damages sustained by the plaintiff on account of excessive loans in violation of the national banking laws of the United States. Second, that the second cause of action thereof introduces a new cause of action for misappropriation and diversion of funds and conversion of the same by means of fraud and deceit; whereas, the second cause of action in the original complaint set forth an action for damages sustained by the plaintiff on account of an unlawful declaration of dividends, thereby impairing the capital of said First National Bank, in violation of the national banking laws of the United States. Third, that the third cause of action thereof introduces a new cause of action for misappropriation, diversion, and conversion of the assets, moneys, and properties of the plaintiff by means of fraud, deceit, and falsifying of accounts; whereas, the third cause of action in the original complaint set forth an action for damages sustained by the plaintiff on account of excessive loans in violation of the national banking laws of the United States.

·McGowan & Clark, A. R. Heilig, and J. L. McGinn, all of Fairbanks, for plaintiff.

F. De Journel and Cecil H. Clegg, both of Fairbanks, for defendant.

BUNNELL, District Judge. The greater part of the argument in urging the motion to strike the amended complaint, and in resisting the same, centers around the proper interpretation of the principles laid down in Yates v. Jones National Bank, 206 U. S. 158, 27 Sup. Ct. 638, 51 L. Ed. 1002, Thomas

v. Taylor, 224 U. S. 73, 32 Sup. Ct. 403, 56 L. Ed. 673, and Jones National Bank v. Yates, 240 U. S. 541, 36 Sup. Ct. 429, 60 L. Ed. 788.

In the matter now before the court, plaintiff's contention is simply this: Leave has been granted to file an amended complaint and attached thereto exhibits of accounts and accounting in lieu of a bill of particulars to be furnished upon sustaining a motion to make the complaint more definite and certain; that the court therefore says the original complaint states five separate causes of action; that, since leave to amend has been granted, it is plaintiff's right to amend each and every cause of action therein contained by setting forth as a matter of inducement and by way of amplification the details connected with each and every transaction involving the right to recover either by reason of an existing common-law liability or by reason of an existing statutory liability; that each of the several alleged causes of action of the amended complaint contains only one separate cause of action; and that what defendant designates as amounting to more than one cause of action is nothing more than an amplification of the matters set forth in the original complaint.

In so far as the case of Jones National Bank v. Yates, 240 U. S. 541, 36 Sup. Ct. 429, 60 L. Ed. 788, is applicable and in point, it must be accepted as the law. It will be noted that this case was decided April 3, 1916.

The syllabus states that:

"Although plaintiff's petition does not refer in terms to a federal statute which determines defendant's liability, if it appears that the case made is essentially one governed by that statute, the action inherently involves the federal question of liability under the statute."

There is nothing in the decision that indicates anything else. Plaintiff's complaint does not need to refer in terms to the federal statute. If it does, and is otherwise sufficient, the requirements for a good pleading are met; or if it appears that the pleading states a cause of action under the common law, and requires the application of the federal statute in defining and measuring the extent of liability with respect to the acts alleged, it inherently involves the federal question of liability under the statute. Certainly the Supreme Court did not intend to say that the plaintiff can in one cause of action allege facts under a federal statute sufficient to constitute

a cause of action, and in the same cause of action allege facts of a similar character sufficient to constitute a cause of action under the common law.

In Williams v. Brady (D. C.) 232 Fed. 740, decided April 7, 1916, the court certainly does not intend to be understood as saying that facts alleged sufficient to charge a violation of a statutory duty, together with facts sufficient to charge a violation of a common-law duty, may stand together and constitute but one cause of action. If I understand the court correctly, in the event the only liability that can be imposed is based on the violation of a statute, then it is necessary to determine whether or not the allegations of the complaint are sufficient to charge such a liability. But if there is a liability other than that imposed by statute, then the court is to determine whether or not the averments of the bill do in fact set forth a cause of action.

The first cause of action in the original complaint set forth in no uncertain terms a cause of action charging the officers and directors of the First National Bank, by reason of certain excessive loans and advances, with violation of the national banking laws of the United States, and the amount of damages sustained by reason of such violation. As amended, all that was theretofore therein contained was included, and the said officers and directors were alleged to have wrongfully, knowingly, and negligently misappropriated and diverted large sums, quantities, and amounts of the assets, deposits, and moneys of said First National Bank. "Misappropriated," as applied to a banker or officer of a bank, means the fraudulent act in dealing with the moneys or securities intrusted to such banker or officer of a bank. There is a wide distinction between making excessive loans and advances in violation of the national banking laws of the United States and misappropriating the same. While it is true that a misappropriation could be effected by a so-called loan, such a construction is not consistent with either the original or amended complaint. I am of the opinion that the second and third alleged causes of action in the amended complaint are subject to similar criticism. Certainly the same evidence will not sustain the allegations in the two pleadings. Kramer v. Gille et al. (C. C.) 140 Fed. 682, and cases therein cited.

The motion to strike the amended complaint, and the motion

to strike certain parts thereof, as heretofore indicated will be denied. But on motion of the court the plaintiff will be required to eliminate from the amended complaint such allegations in the first three alleged causes of action as in the opinion of the court herein expressed state each another cause of action.

Leave to thus amend within five days is granted.