### WILLIAMS v. SPENSLEY et al.

(Circuit Court of Appeals, Seventh Circuit. November 1, 1917.)

No. 2494.

BANKS AND BANKING ☞253—NATIONAL BANKS—LIABILITY OF DIRECTORS.

The liability of directors of a national bank for voting and declaring dividends out of the capital is not absolute, and they are not liable if they exercise reasonable diligence and acted in good faith, in the belief that the dividends were payable from net profits.

Appeal from the District Court of the United States for the Western District of Wisconsin.

Suit in equity by Christopher L. Williams, as receiver of the First National Bank of Mineral Point, Wis., against Calvert Spensley, James Brewer, John L. Gray, William P. Gundry, Frederick Vivian, and others to enforce liability of directors of a national bank. From the decree, complainant appeals. Affirmed.

John B. Sanborn, of Madison, Wis., for appellant.

Aldra Jenks, of Dodgeville, Wis., and Thomas M. Priestley, of Mineral Point, Wis., for appellees.

Before BAKER, KOHLSAAT, and EVANS, Circuit Judges.

PER CURIAM. Appellant seeks to reverse the decree of the District Court in so far as it relieves the appellees as directors of the defunct national bank from liability for dividends voted by them out of the capital of the bank.

The special master, whose findings were approved by the District Court, and whose findings are not attacked in this court found each of the defendants—

"did not knowingly violate, or knowingly permit any of the officers, agents, or servants of the First National Bank of Mineral Point, Wis., to violate any of the provisions of the National Bank Act [Act June 3, 1864, c. 106, 13 Stat. 99]; that each, so far as his duty as a director devolved upon him, diligently and honestly administered the affairs of said bank, and that each direc-

tor gave to the affairs of the bank such diligence and supervision as the situation and the nature of the business required; that they exercised ordinary care and prudence in the administration of the affairs of the bank."

Appellant contends that the liability of a national bank director for voting and declaring dividends out of the capital is an absolute liability, and no question of good faith, diligence, or knowledge on the part of a director that such dividends may impair the bank's capital is involved. This contention must be rejected both on principle and authority. See Yates v. Jones National Bank, 206 U. S. 158, 27 Sup. Ct. 638, 51 L. Ed. 1002; Thomas v. Taylor, 224 U. S. 73, 32 Sup. Ct. 403, 56 L. Ed. 673; Witters v. Soules (C. C.) 31 Fed. 1.

Appellant further contends that the general finding quoted above must give way to a special finding made by the master to the effect that the "profit and loss account" was at times "swollen" by the credit of so-called "dummy" notes signed "Interest and Discount," which notes represented the earned, but uncollected, interest on many obligations running to the bank, and such practice was known to the directors.

This contention must likewise be rejected, because it does not appear from the record in this case that the apparent net profits, exclusive of this item of uncollected interest, did not equal or exceed the amount of the dividend so declared. In other words, the general findings are not inconsistent with the special finding.

Whether the directors were justified in including the earned, but uncollected, interest in determining net profits, we need not decide. The directors were justified in declaring an annual dividend out of the net profits. The record fails to show that any dividends were declared or paid out of the uncollected interest account.

The decree is affirmed.