GRANDPREY, Respondent, v. BENNETT, et al, Appellants.

## (172 N. W. 514).

(File No. 4488.   Opinion filed May 13, 1919.)

1.  **Pleadings—Depositor's Action Against Directors of Insolvent Bank — Deceit, Whether Sufficient Pleading, Immateriality Of, For Failure to Strike as Irrelevant.**

    Where a complaint, in a suit by a depositor in an insolvent national bank, to recover from its directors for making false report to Comptroller of the Currency, for not diligently and honestly administering the affairs of the bank, and for common-law liability for deceit, it attacked, upon appeal from an order to strike therefrom certain allegations as irrelevant and redundant, the question whether deceit was sufficiently plead is not involved; it appearing that in making said motion, appellants contended there was but one good cause of action pleaded or pleadable—the knowingly violating or permitting others to violate the provisions of the federal act,—and were not attempting to question sufficiency of the allegations to set forth a common-law liability, but were contending that such liability did not exist.

2.  **Banks and Banking—National Banks—Depositor's Recovery From Directors of Insolvent Bank—Deceit, Common-law Liability of Directors For.**

    The liability at common law of directors of an insolvent national bank, to a depositor who seeks to recover from them damages, is separate and distinct from their liability for knowingly violating the provisions of national bank act; and such common-law liability exists for deceit practiced by them in failing to exercise honesty and diligence in administering the affairs of the bank.

3.  **Same—Depositor's Recovery From Directors of Insolvent Bank—Knowingly Violating Statute, Scienter—Intentional Violation "In Effect" by Refusing to Examine, Etc.—Limit of Liability.**

    Directors of national banks are liable to depositors, for violations of provisions of the federal banking statute only when such violations are committed with knowledge of the violators that they are violating its provisions; but there is "in effect" an intentional violation thereof whenever a director deliberately refuses to examine that which it is his duty to examine, or deliberately refuses to do any act the statute makes it his duty to perform, and there is no other statutory liability; that the common-law liability for damages flowing from directors' acts, not among those named in the statutes, are not affected thereby.

4.  **Pleadings—Depositor's Recovery from Directors of Insolvent Bank—Knowing Remissness, Allegations of Negligence, Lack of Diligence, Whether Relevant.**

    In a complaint by a depositor of an insolvent national bank for recovery against directors, allegations charging lack of diligence, and negligence in failing to discover the truth, that the truth could have been readily ascertained by reasonable attendance to performance of defendants' duties, are relevant to the charge that defendants were "knowingly" remiss in performance of their duties; since, if established by competent proof, jury might properly consider same in determining whether there was "in effect" an intentional violation of statutory provisions, as from such and other facts, jury might justly find they had deliberately failed to examine that which it was their duty to examine.

Appeal from Circuit Court, Day County. HON. THOMAS L. BOUCK, Judge.

Action by Ward Grandprey, against George A. Bennett and others, to recover damages resulting from failure of a national bank to pay him in full. From an order denying a motion to strike certain allegations from the complaint, defendants appeal. Affirmed.

*Bailey & Voorhees,* for Appellants.

*W. F. Bruell,* and *Null & Royhl,* for Respondents.

(1) To point one of the opinion, Respondent cited:

Allen v. Luke, 163 Fed. 1018.

(2) To point two, Respondent cited:

F. M. Davies & Co., v. Porter, 248 Fed. 400; Callwell v. Bates, (N. C.) 24 S. E. 480; Delano v. Case, 12 N. E. 111;

Morawetz on Private Corporations, Sec. 573; Warren v. Robinson, 57 Pac. 287.

(3) To point three, Appellants cited:

Sec. 9685, 9 U. S. Comp. '16, p. 11,835 (R. S. § 5147. 13 Stat. 102); (U. S. R. S. § 5239); Thomas v. Taylor, 224 U. S. 73; Jones National Bank v. Yates 240 U. S. 541; Zinn v. Baxter, 65 Ohio St. 341, 62 N. E. 327.

WHITING, J.   Plaintiff was a depositor in, and defendants directors of, a national bank at the time such bank became insolvent.   The bank failed to pay its depositors in full, and plaintiff brought this action to recover damages resulting to him from such fact.   The complaint is very long.   Its allegations cover three general grounds, not separated into different causes of action, upon which plaintiff seeks recovery: (a) That defendants made reports to the Comptroller of the Currency knowing same to be false and incorrect; (b) that defendants did not diligently and honestly administer the affairs of such bank; (c) that the defendants practiced deceit upon which a common-law liability may be predicated. Defendants moved the trial court to strike from such complaint certain designated allegations thereof, upon the grounds that "the said matters and statements are irrelevant and redundant."   Such motion was denied as to most of the allegations attacked, and from such order of denial this appeal was taken.

[1] Appellants concede that the complaint states a cause of action under section 9831, 9 U. S. Comp. 1916, p. 12076; Rev. St. § 5239, Act June 3, 1864, c. 106, § 53, 13 Stat. 116.   That section, so far as material to this action, reads:

"If the directors of any national banking association shall knowingly violate, or knowingly permit any of the officers, agents, or servants of the association to violate any of the provisions of this title, all the rights, privileges, and franchises of the association shall be thereby forfeited. * * * And in cases of such violation, every director who participated in or assented to the same shall be held liable in his personal and individual capacity for all damages which the association, its shareholders, or any other person, shall have sustained in consequence of such violation."

Appellants contend that such section prescribes the limits of their liability, that there can be no common-law liability for deceit,

and no liability under the federal statute for want of diligence or dishonesty unconnected with scienter. Appellants also contend in this court that the allegations of the complaint are insufficient to plead deceit. It becomes unnecessary for us to consider this last contention—the question thus raised was not presented by the motion to strike out certain allegations because irrelevant and redundant. It is clear that, in making such motion, appellants then, as now, considered that there was one and only one good ground or cause of action pleaded or that could be pleaded—the knowingly violating or permitting others to violate the provisions of the above section. Appellants by their motion were not attempting to question the sufficiency of the allegations to set forth a common-law liability, but were contending that such a liability did not exist, and, moreover, that the statutory liability was restricted to wrongs done knowingly. It was therefore their position that, regardless of whether certain of the allegations would have set forth a good cause of action were it not for the section of the federal statute we have quoted, because of the provisions of such section, such allegations were irrelevant to the sole valid ground for action actually pleaded.

[2] It seems to us that the questions presented by appellants' motion have been fully considered and determined by the federal Supreme Court, and that their conclusions have been so clearly set forth as to leave no room for doubt as to what the law is, though the application thereof to facts proven may present much difficulty. In no decision of such court can there be found any support for the claim that directors were liable only under the provisions of the section we have quoted. In the case of Briggs v. Spaulding, 141 U. S. 132, 11 Sup. Ct. 924, 35 L. Ed. 662, both the majority and minority decisions recognize a liability for lack of prudence and care on the part of the directors sued in that action—the only difference in views being as to whether such a lack of prudence and care was established as rendered the directors liable. In Yates v. Jones Nat. Bk., 206 U. S. 176, 27 Sup. Ct. 638, 51 L. Ed. 1002, attention was called to the fact that the acts relating to national banks contained "many provisions specifically enjoining the doing or not doing of certain acts by the association or its officers." The court, after calling at-

tention to the statute we have quoted, then referred to the oath required of directors by section 9685, 9 U. S. Comp. 1916, p. 11835; R. S. § 5147, 13 Stat. 102, § 9, "that he will, so far as the duty devolves on him, diligently and honestly administer the affairs of such association, and will not knowingly violate, or willingly permit to be violated, any of the provisions of this title," and said:

"Mark the contrast between the general common-law duty to 'diligently and honestly administer the affairs of the association' and the distinct emphasis embodied in the promise not to 'knowingly violate, or willingly permit to be violated, any of the provisions of this title.' In other words, as the statute does not relieve the directors from the common-law duty to be honest and diligent, the oath exacted responds to such requirements. But as, on the other hand, the statute imposes certain express duties and makes a knowing violation of such commands the test of civil liability, the oath in this regard also conforms to the requirements of the statute by the promise not to 'knowingly violate, or willingly permit to be violated, any of the provisions of this title.'

"And general consideration as to the spirit and intent of the National Bank Act (Easton v. Iowa, 188 U. S. 220 [23 Sup. Ct. 288, 47 L. Ed. 452]; Davis v. Elmira Savings Bank, 161 U. S. 275 [16 Sup. Ct. 502, 40 L. Ed. 700]) also render necessary the conclusion that the measure of responsibility, concerning the violation by directors of express commands of the National Bank Act, is in the nature of things exclusively governed by the specific provisions on the subject contained in that act."

It would seem that the words "makes a knowing violation of such commands the test of civil liability" may have led to some misunderstanding of what the court intended to decide. The court, as clearly disclosed by the whole opinion, did not intend to declare that a known violation of express duties was the *sole* test of civil liability, but rather that a *known* violation of express duties is the test of civil liability for violation of express duties— in other words that bank directors are not civilly liable for violation of *those duties expressly imposed upon them by the federal law* unless the act or omission constituting such violation is done

or omitted knowingly. Applying what it had said in the words above quoted to the facts of the case before it, the court said:

"The civil liability of national bank directors, then, in respect to the making and publishing of the official reports of the condition of the bank, a duty solely enjoined by the statute, being governed by the National Bank Act, it is self-evident that the rule expressed by the statute is exclusive, because of the ele--mentary principle that where a statute creates a duty and prescribes a penalty for nonperformance the rule prescribed in the statute is the exclusive test of liability."

The court further said:

"Where by law a responsibility is made to arise from the violation of a statute knowingly, proof of something more than negligence is required, that is, that the violation must be *in effect* intentional." The italicizing is ours.

And the court also said:

"Of course in what has been said we have confined ourselves to the precise question arising for decision, and therefore must not be understood as expressing an opinion as to whether and to what extent directors of national banks may be civilly liable by the principles of the common law for purely voluntary statements made to individuals or the public, embodying false representations as to the financial condition of the bank, by which one who has rightfully relied upon such representation has been damaged. And because we have applied in this case to the duty expressly imposed by the statute the standard of conduct established therein we must not be considered as expressing an opinion upon the correctness of the views enunciated by the court below concerning the standard which should be applied solely under the principles of the common law, to fix the civil liabilities of directors in an action of deceit. See Briggs v. Spaulding, 141 U. S. 132 [11 Sup. Ct. 924, 35 L. Ed. 662]."

In Thomas v. Taylor, 224 U. S. 73, 32 Sup. Ct. 403, 56 L. Ed. 673, the court, in discussing the decision in the Yates Case, and particularly the words of the next to last quotation above, say that the court held:

"Not, therefore, that as a condition of liability there should be proof of something more than recklessness; not that there

should be an intentional violation, but a violation 'in effect' intentional." ,

And the court in Thomas v. Taylor then say:

"There is 'in effect' an intentional violation of a statute when one deliberately refuses to examine that which it is his duty to examine."

If the Nebraska court had noted this interpretation thus given to the words that had been used in the Yates Case, the state court, upon the appeal from judgment on the retrial of the Yates Case, would probably have reached a different conclusion than it did on such appeal (Jones Nat. Bk. v. Yates, 93 Neb. 121, 139 N. W. 844, 1135), and would have avoided the reversal reported in Jones Nat. Bk. v. Yates, 240 U. S. 541, 36 Sup. Ct. 429, 60 L. Ed. 788. In this last case, the federal court discussed the findings of the trial court. The trial court had found that reports to the comptroller "were not made in good faith" where, with "no actual personal knoweldge of the truth or falsity" of reports attested by him, a director in attesting them "relied upon the statements made to him by the president and cashier," but "without any investigation," and when "attesting such statements" such director "knew that he had no personal knowledge" of their truth or falsity, and such reports "were attested recklessly and without performing his duties as a director" to ascertain their truth and falsity. The federal court held that:

"If this finding, fairly construed, did not import more than mere neglect or inattention, it would not be sufficient to sustain a recovery; for Congress did not make negligence the test of liability, but the fact that the act was violated knowingly."

But the court further said:

"There may be a violation 'in effect intentional,' and therefore within the statute, 'when one deliberately refuses to examine what it is his duty to examine.' Thomas v. Taylor, supra."

[3] We therefore hold that directors of national banks are liable for violations of the provisions of the federal statute only when such violations are committed with knowledge on the part of the violators that they are violating such provisions, but that there is "in effect" an intentional violation of such provisions whenever a director deliberately refuses to examine that which it

is his duty to examine, or deliberately refuses to do any act which under such provisions it is his duty to perform; that there is no other statutory liability; that the common-law liability for damages flowing from acts of directors, which acts are not among those named in such federal statute, are not in any manner affected by such statute.

[4] An examination of the allegations which the trial court refused to strike out discloses some which present an issue as to deceit resulting from wrongful acts of the directors other than acts pertaining to duties prescribed by the federal statutes; some which fairly present an issue as to negligence and dishonesty in the performance of duties not directly imposed by the federal statutes; and others which were undoubtedly included in such complaint under the mistaken belief that defendants are liable for damages resulting from mere lack of diligence or honesty in the performance of duties expressly imposed upon them by the federal statutes. Appellants presented their motion on the theory that the facts set forth in this third class of allegations have no relevancy to the statutory cause of action which they concede is pleaded. But these allegations charge lack of diligence and negligence in failing to discover the truth; that the truth could have been readily ascertained by reasonable attention to the performance of defendants' duties. The facts thus pleaded are relevant to the charge that the defendants were "knowingly" remiss in the performance of their duties, because, if established by competent proof a jury would have a right to take same into consideration in determining whether there was "in effect" an intentional violation of the provisions of the statutes, as from such and other facts a jury might be justified in finding that a director had deliberately refused to examine that which it was his duty to examine, or deliberately refused to do some other act which it was his duty to perform. Undoubtedly plaintiff could have introduced his evidence in support of the facts so alleged without such allegations, because of the fact that they are relevant to the issue of scienter. The allegations are not, however, irrelevant. This is clear because of the fact that evidence in support thereof would be material. 31 Cyc. 638. Appellants' real attack upon these allegations, as disclosed by their brief, is on the

ground that such allegations are irrelevant—they have not urged their redundancy.

The order appealed from is affirmed.