Murray SEIDEN, Plaintiff,

v.

Willard C. BUTCHER, David Rockefeller, J. Richardson Dilworth, Charles F. Barber, James H. Binger, John T. Connor, Theodore M. Hesburgh, William R. Hewlett, J. K. Jamieson, Ralph Lazarus, Robert D. Lilley, Leonor F. Loree, II, Charles F. Myers, Jr., John E. Swearingen, George A. Roeder, Jr., Coy G. Eklund, James L. Ferguson, Richard M. Furlaud, John Macomber, Edmund T. Pratt, Jr., J. Stanford Smith, Michael E. Carlson, Richard R. Shinn and the Chase Manhattan Corporation and the Chase Manhattan Bank, N. A., as derivative defendants, Defendants.

No. 76 Civ. 666.

United States District Court,
S. D. New York.

Sept. 19, 1978.

Ira Jay Sands, New York City, for plaintiff; Richard A. Bello, Michael S. Finz, New York City, of counsel.

Milbank, Tweed, Hadley & McCloy, New York City, for individual defendants; Edward J. Reilly, New York City, of counsel.

LASKER, District Judge.

The motion to dismiss the "Second Supplemental and Amended Complaint" is granted.

## I.

*Failure to Satisfy Rule 9(b)*

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[I]n all averments of fraud . . . ., the circumstances constituting fraud . . . shall be stated with particularity." The allegations of fraud in the present complaint are so devoid of detail as to deprive the defend-

ants of "fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Shemtob v. Shearson, Hammill & Co.*, 448 F.2d 442, 444 (2d Cir. 1971), in at least the following respects: (1) there is no allegation of which particular condition reports were false, and (2) no explanation is given as to the respect in which each particular item is false.

This second deficiency is particularly troubling since, as the model supplied by the defendants indicates, a condition report is little more than a balance sheet, containing aggregate figures of the various assets and liabilities of the Bank at a particular time. In light of the huge operations of Chase Bank, merely to allege that a bottom line figure for "loans" or "surplus" is false gives the defendants no notice of which particular transactions are under attack, or what is false about them.

■ The Court of Appeals for this Circuit recently affirmed the dismissal of a complaint alleging violations of the securities laws arising out of virtually the same acts of "mismanagement" pleaded here. The court found the complaint defective under Rule 9(b) for the following reasons:

". . . Such allegations as arguably relate at least in part to events prior to December, 1974 do not allege fraud with sufficient particularity. Thus it is said that the Bank's foreign operations and loans, which are indeed depicted with enthusiasm in the 1973 Report, were 'speculative and risky.' *Yet there is no specification of what loans, at what times, and in what amounts were 'risky.'* In the absence of such particulars, and given the myriad of foreign loans made by the Bank during the early 1970's, the simple use of the epithet 'risky' is no better than a 'mere conclusory allegation to the effect that defendant's conduct was fraudulent,' which we have held to be insufficient. *Segal v. Gordon*, 467 F.2d 602, 607 (2 Cir. 1972), *quoting Shemtob v. Shearson, Hammill & Co.*, 448 F.2d 442, 444 (2 Cir. 1971). . . . Plaintiff also alleges that the Bank invested in securities of states and cities, and that the continua-

tion of such investments had become 'risky and speculative.' *Again, no specification of transactions is provided, and there is not even an indication of the date at which defendants knew the investments had become so unacceptably 'risky' that disclosure was required.* The defendant is entitled to a narrower delineation of the charges than the plaintiff has provided." *Denny v. Barber*, 576 F.2d 465, 469–70 (2d Cir. 1978) (emphasis added).

See, also, *Felton v. Walston & Co., Inc.*, 508 F.2d 577 (2d Cir. 1974); *Rich v. Touche Ross & Co.*, 68 F.R.D. 243 (S.D.N.Y.1975); *Matheson v. White Weld & Co.*, 53 F.R.D. 450 (S.D.N.Y.1971). Under the standard established by these cases it is not sufficient simply to allege, as here, that certain assets are "overvalued" (Complaint ¶ 73) to satisfy Rule 9(b) but the plaintiff must specify which loans (Item 8), securities (Items 4 and 5), and real estate (Item 10) are overvalued, the amount of the overvaluation, and the facts underlying the allegation that these assets were "knowingly" overvalued. Moreover, as to allegations based on information and belief, it is also necessary to provide a statement of the facts giving rise to the belief that fraud has taken place. *Segal v. Gordon*, 467 F.2d 602 (2d Cir. 1972); *Denny v. Barber*, 73 F.R.D. 6 (S.D.N.Y. 1976), *aff'd*, 576 F.2d 465 (2d Cir. 1978); 2A J. Moore, *Federal Practice*, ¶ 9.03, at 1928–29 (2d ed. 1968).

■ Seiden also claims that the items listed on the condition report under the heading "Reserves on Loans and Securities" are subject to attack because, according to him, the amounts stated were so inadequate as reserves as to be "false." Seiden argues, on the basis of an analogy to cases under the securities laws, that issuance of a false or misleading statement as to reserves for loans and securities would constitute a violation of the National Bank Act. There are two difficulties with the argument: the first is that there appears to be no authority in either the plain language of the National Bank Act or the cases interpreting § 161(a) in support of the proposition that

establishment of an inadequate reserve constitutes a "false" statement under § 161(a). See, *inter alia, Chesbrough v. Woodworth,* 244 U.S. 72, 37 S.Ct. 579, 61 L.Ed. 1000 (1917); *Jones National Bank v. Yates,* 240 U.S. 541, 36 S.Ct. 429, 60 L.Ed. 788 (1916); *Thomas v. Taylor,* 224 U.S. 73, 32 S.Ct. 403, 56 L.Ed. 673 (1912).

The second is that, even assuming that Seiden's theory is sound, he nevertheless will be obligated to prove that the alleged inadequacy of the figures deterred the Comptroller of the Currency from taking action in the interests of the bank and its stockholders which he would otherwise have taken. There is considerable ground for skepticism that this proposition can be proven. Nevertheless, we cannot say to a legal certainty that its proof is impossible. Accordingly, although we are reluctant, to say the least, to furnish Seiden a third opportunity to amend his complaint, we believe it necessary to do so because, despite the multitude of defects found in earlier complaints, the comments made in this memorandum constitute the first notification to him of the inadequacies discussed. See *Denny v. Barber, supra,* 576 F.2d 465, 471; *Spiegler v. Wills,* 60 F.R.D. 681 (S.D.N.Y. 1973). Accordingly, the complaint is dismissed without prejudice to filing an amended complaint within twenty days of the filing of this order on the following conditions:

1. That the amended complaint shall set forth the material required by Rule 9(b) of the Federal Rules of Civil Procedure as described above.

2. That within sixty days after the filing of any amended complaint the plaintiff shall conduct discovery of the Comptroller of the Currency for the purpose of establishing that the information contained in any condition report or reports alleged in the next amended complaint to be false deterred or prevented the Comptroller of the Currency from taking remedial action in the interests of the bank and its stockholders.

In the event that the plaintiff fails to complete such discovery within the sixty day period or that the discovery so conducted is insufficient to establish that the information filed deterred or prevented the Comptroller of the Currency from taking such action, the defendant may move to dismiss or for summary judgment, whichever is appropriate.

It is so ordered.